*"2014 - Año de Homenaje al Almirante Guillermo Brown, en el Bicentenario del Combate Naval de Montevideo"*



*Ministerio de Relaciones Exteriores y Culto*

File N° 239/2014

Note N° 1238/14

Buenos Aires,

29 ENE 2014

Office of International Affairs
Criminal Division
United States Department of Justice
1301 New York Avenue. NW
Washington DC 20005
Tel. (1-202) 616-0546
Fax: 514-0080
S_____/_____D

      I am pleased to write you in regards to the file N° 14.892/2011 **"DELEGLISE, ALBERTO Y OTROS S/ESTAFA" (FRAUD)**, in procedure before the National Prosecutor's Office for Criminal Investigation N° 38, Autonomous City of Buenos Aires, Argentine Republic.

      In relation to the file, you will find attached a petition for assistance issued by the Court in order to obtain your cooperation for the organization of the necessary measures for its due diligence, as established by the "Inter-American Convention on Mutual Assistance in Criminal Matters (Nassau, May 23rd, 1992)".

      It is relevant to say, that the petition has been issued according to art. 26 of the named Convention, and it is sent directly to you, since this Office in the Central Authority appointed by the Argentine Republic, according to its art. 3.

      Best regards.

att: 41 pgs.
iam

Dr. Diego Martín Solerno
Coordinador de Cooperación
Internacional en Materia Penal

Generado por DAJINGES BNO:1201/2014
Carpeta 239/2014



**TRADUCCIÓN PÚBLICA:**------------------------------------------------------
**CERTIFIED TRANSLATION:**---------------------------------------------------
[There is a letterhead reading: "Argentine National Judiciary". There is a signature and a stamp on each page reading: "Betina I M Vota. Public Prosecutor". There is a signature and a stamp on each page reading: "Angeles M Gómez Moritán. Clerk". There is a stamp on each page reading: "Prosecutor's Office for Criminal Investigation No. 38, Federal Capital, Argentine Republic"]----------------------------------------------------------

To the relevant Court for Criminal Matters in the City of Miami, State of Florida, United States of America. From Betina I M Vota, Esq, responsible for the National Prosecutor's Office for Criminal Investigation No. 38, with domicile at Tucumán 966, 2nd Floor, Autonomous City of Buenos Aires, Capital of the Argentine Republic. -------------------------------------------------

Hereby greets, requests and informs the Court that: ----------------------------------

In the proceedings No. 14,892/2011, re: *"Deleglise, Alberto y otros s/ Estafa"* (Fraud), an order has been entered to deliver this letter rogatory to the relevant Court having subject matter jurisdiction in Criminal matters in the city of Miami, in order to request its fulfilment under the Inter-American Convention on Mutual Assistance in Criminal Matters and to offer reciprocity in similar cases, and request execution of the assistance described below:----

**1) EVENTS BEING INVESTIGATED:**-----------------------------------------------

The proceedings giving rise to this request were instituted pursuant to a report made on April 26 this year by Mr Mauro Claudio Leiser and Ms Silvina Lorena Leiser to the Office of Shifts and Allocations of the National Court of Appeals for Criminal and Correctional Matters in the Federal Capital, who stated that they accused Mr Alberto Deleglise, a Public Accountant, of the criminal offences *"estafa"* (hereinafter "fraud") and *"falsificación"* (hereinafter "forgery"). In this respect, the reporting parties indicated that their father, Mr Arturo Leiser, had died in June 2010 and owned, since several years ago, individually or jointly with their mother, Ms Betty Szlachter, different checking accounts and investments abroad. For this purpose they primarily used the services of the bank "UBS" (Union of Swiss Banks), New York branch, United States of America, and other institutions, such as "Lehman Brothers" and "Hapoalin Bank". They explained that the movements of funds deposited in the account at UBS, opened at the name of their father as a joint-alternate account with their mother, were managed by Leiser, in the different manners authorized by the banking institution, one of which was by telephone, based not only on a trust relationship between the institution and its customer, but also because any order was subsequently confirmed in the usual manner agreed with the Bank and the credit and investment officers responsible for the transactions (including faxes with specific instructions, the date and amount of money to be transferred, and the banking or financial institution to which the funds were to be transferred in each case). They added that, prior to the date of their father's decease, Mr Alberto Deleglise, general proxy for Curtiembre ARLEI S.A., an entity presided over by their father, "... pursuing his own greed or driven by another person or persons in his closest and/or professional environment, and using his profound knowledge of the funds and investments existing abroad in the form of bank deposits at UBS Bank in the City of New York, and of the usual manners in which orders were given to

3ERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
T. Tº XVII Fº 136 CAPITAL FEDERAL
NSCRIP. C.T.P.C.B.A. Nº 6287

1

ALBERTO ALEJAN
TRADUCTOR PÚ
IDIOMA ING/
MAT. Tº XVII Fº 136 CAI
'N'SCRIP. C.T.P.C.B

make the withdrawals described above, by using the trick of imitating the voice of his client and recipient of his advice, Mr Arturo Leiser, he managed to transfer several million dollars from my father's account at such banking institution, and to divert such funds, as far as we know, for his own benefit, to a specific destination unknown to us, which means that even today we do not know which bank or financial institution from abroad received such amounts". Likewise, the complainants informed that they did not discard the possibility that UBS Bank may have requested written confirmation, subscribed by Mr Leiser, in order to perform such money transfers, so in this case the accused would also have committed the criminal offence *falsificación* (forgery). As regards Curtiembre ARLEI S.A., the complainants stated that the business was presided over by their father, and also employed their brothers Viviana Cynthia Leiser, proxy for the firm, and Alan Eric Leiser, Vice-President or Director, and their mother Betty Szlachter, who is currently President of the company. Subsequently, Mauro and Silvina Leiser reported that the factory of such firm, located in the department of Lanús, Province of Buenos Aires, "had been dismantled", and the offices installed at Maipú 757, 10th floor of this City. Then, the proceedings were joined by the case record No. 23,608/2011 *"Szlachter, Betty y Curtiembres Arlei s/ estafa Dte Leiser Mauro y Leiser Silvina Lorena"* (Szlachter, Betty and Curtiembres Arlei, subject: Fraud reported by Leiser Mauro and Leiser Silvina Lorena), which were pending before National Court for Criminal Investigation Matters No. 16, Clerk's Office No. 111, instituted pursuant to a report by Mauro and Silvina Leiser against their mother, Betty Szlachter, alleging that the latter had failed to report, as a part of the estate, the property so-called Camelot, located in the City of Punta del Este, Department of Maldonado, Eastern Republic of Uruguay, more specifically at Stop No. 24 (on Playa Brava beach), at the location so-called "Rincón del Indio". In this respect, they explained that the property was owned by their parents, Arturo Leiser and Betty Szlachter, as community property, and was later sold to the entity TABASCO S.A., organized in the Eastern Republic of Uruguay under the Law No. 17,904 of such country, and allegedly presided over by Ms Szlachter. That the referred property was offered for sale, so an injunction was requested to Civil Court No. 29 in order to stop the transaction, whereupon the other party answered that TABASCO S.A. was not owned by the Leiser / Szlachter family nor by CURTIEMBRE ARLEI S.A. They further stated that the injunction was not granted because, although the Court considered that there was sufficient evidence of the danger in the delay, as it was an entity, the Court did not consider that the *fumus bonis iuris* had been duly shown. Likewise, as to the event Mr Deleglise is accused of, on such occasion the complainant stated that she did not know which accounts the money had been transferred to, but that one of the accounts from which the transfer was made was at the name of an entity named "NESTIR", which belonged to her parents, whereas the other accounts were allegedly at the name of their parents, personally on their own behalf, and that both parents were authorized to make transfers or transactions of the type reported, so she considered it possible that, after Mr Deleglise ordered the transfers by telephone, her mother sent a fax to the banking institutions where the accounts were located, confirming the transactions. Likewise, the complainants alleged new events, including that their mother had begun proceedings for succession of their father in the county of New York, United States of America. In this respect, they explained that their father had two apartments in the State of New York, one located at 3̶0̶3̶ ̶E̶a̶s̶t̶ ̶5̶7̶t̶h̶ ̶S̶t̶.̶ ̶2̶5̶ ̶I̶ and the other at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that both were community property, that is, they belonged to both their father and their mother. That the

ALBERTO ALEJANDRO BRI
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDER
'N'SCRIP. C.T.P.C.B.A. Nº 8?''

DHO BREA
)BLICO
.ÉS
'TAL FEDERAL
.A. N° 6287



opening of the succession of Arturo Leiser in the United States of America would harm both the complainants and any creditors of CURTIEMBRE ARLEI S.A., as their mother was appointed Administrator of the property and claims of their father in such country; and that the tax authority could also be evaded. They added that the conduct of Ms Szlachter was obviously unlawful, because when she opened the succession in such country she misrepresented the addresses of the complainants, so that they could not be served upon. Likewise, Messrs Silvina and Mauro Leiser alleged that, on April 27, 2011, the balance sheet for the fiscal year No. 32, ended on December 31, 2011, had been unlawfully approved. That such balance sheet had only been approved by Szlachter, who voted on her own behalf as holder of 50% in the equity, and as "de facto administrator of the estate of Arturo Leiser" (who owned the other 50% in the issued equity). In this way the act was presented as entered by unanimous vote, whereas, in actual fact, no administrator had been appointed for the estate, since the case record was pending before the National Supreme Court of Argentina (CSJN) to decide on a dispute upon the venue. **Likewise, they stated that, from such fiscal year, it appeared that CURTIEMBRE ALEI S.A. had requested a loan to the HSBC Bank Inter-Miami, which did not appear in the previous fiscal year, which was surprising because it involved a loan of USD 24,193,000.00 (twenty-four million one hundred and ninety-three thousand U.S. Dollars), which had been approved without giving any details as its financing conditions, term agreed for its repayment, agreed interest rate, nor who had signed the relevant documentation on behalf of CURTIEMBRE ARLEI S.A. They added that the loan was secured by collateral, but neither was there any indication in fiscal year No. 32 as to the property included in the collateral, and also that the auditor had not given any details in this respect. That they considered that the transaction was actually a "BACK TO BACK" or "self-loan" scheme, that is, a transaction where it the business itself who lends the money in a concealed fashion, through a third party, so as to empty the business of its funds. The complainants explained that the scheme consists in transferring the money from the accounts belonging to CURTIEMBRE ARLEI S.A. and other accounts at the name of their father, to an entity owned by a third party, who will be the creditor of the loan requested by CURTIEMBRE ARLEI S.A. to HSBC Bank Inter-Miami, so the USD 24,193,000.00 are to be repaid to the business created with funds initially owned by CURTIEMBRE ARLEI S.A., i.e. with its own funds, and then the amount will be returned to such ghost entity, so as to remove it from the estate, which would result in serious harm to the complainants, and also to the rest of the heirs and creditors of CURTIEMBRE ARLEI S.A.** --------------------------------------------------------------

---------------------------------------------------------------------------------------

**2) PARTIES:**--------------------------------------------------------------------

---------------------------------------------------------------------------------------

For any applicable purposes, please be informed that the following persons are accused in the record where this request is being made: **BETTY SZLACHTER DE LEISER,** the holder of identity document DNI No. ▇▇▇▇▇▇ a national of Chile, born on ▇▇▇▇▇ 10, 1938, with domicile of choice at ▇▇▇▇▇▇, 10th floor of this City, **VIVIANA ▇YNTHIA LEISER,** the holder of identity document DNI 13,851,612, a national of Argentina, born on ▇▇▇▇▇, whose latest domicile is at ▇▇▇▇▇▇, of this City, **ALAN ERIC LEISER,** the holder of identity document DNI No. ▇▇▇▇ a national of Argentina, born on ▇▇▇▇ 11, 1976, whose latest domicile is at

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
.. T° XVII F° 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

3 de Febrero 1377, of this City, and **ALBERTO DELEGLISE**, a public accountant, with domicile at ▮▮▮▮▮, Province of Buenos Aires, with domicile of choice at ▮▮ o 1294, 10th floor, of this City. -------------

**3) APPLICABLE PROVISIONS:** --------------------------------------------------------

For such purposes, please find attached certified photocopies of the Law No. 24,767 on International Cooperation in Criminal Matters, enacted on December 18, 1996 and promulgated on January 13, 1997, and the Law No. 24,034 "Mutual Legal Assistance Treaty in Criminal Matters between the Argentine Republic and the United States of America". The latter prescribes and regulates a mutual legal assistance system between the governments of the Argentine Republic and the United States of America, with the specific purpose of improving the efficiency of both countries for the prevention, investigation and prosecution of criminal offences, by cooperation and legal assistance. It determines what such cooperation may consist of, which comprises, among other things, facilitating documents, files and evidence. It was enacted on November 27, 1991 and promulgated on December 20, 1991. On the other hand, the criminal offence resulting from such events could be, by principle, an *estafa* (fraud) (section 172 of the Argentine National Penal Code), subject to the final outcome of the proceedings, as the case may be, since other evidence is still to be produced. For the time being no resolution has been entered against any person that would require such definition, under Argentine national regulations on the subject. In the same way, please be informed that under local rules of procedure in the legal system of the Argentine Republic, a case where the doer is not identified may be conducted by a Prosecutor, and in such way we are empowered to conduct any production of evidence we consider useful, but with the limitations specifically contemplated therein (section 196 of the National Code of Criminal Procedure). --------------------------------------------------------

**4) REQUESTED ACTION** --------------------------------------------------------

For the above, I hereby request the relevant Court with subject matter jurisdiction in Criminal Matters in the City of Miami, United States of America, to take any necessary action so as to cause the Responsible Person for HSBC Private Bank International, located at 1441 Brickell Avenue, 17th floor, Miami, Florida 33131, to report if there are any accounts at the name of the firm CURTIEMBRE ARLEI S.A. and/or Arturo Leiser (identity document DNI ▮▮▮▮▮), and send certified copies of any documentation relating to the opening thereof, and also any signature register in its possession and any statements relating to such accounts, from the opening of such accounts to date. Likewise, to report if any financial loan whatsoever has been granted to CURTIEMBRE ARLEI S.A. and/or Arturo Leiser, and if so on what date, in what amount, in what account the loan or loans was (were) deposited, what property was provided as collateral, which was the agreed interest rate, what were the principal repayment conditions and what interest was agreed, and if any repayment has been made in whole or in part, and to submit certified copies of all the documentation associated to such operations, and a summary thereof. --------------------------------------------------------

**I transcribe below the related order appearing on folios 1057/1058 of the record in which this request is issued:** *"Buenos Aires, July 10, 2013 ... III) Upon considering the records appearing in these proceedings, issue a*

4

diplomatic letter rogatory to the relevant Criminal Court in the City of Miami, State of Florida, United States of America, requesting that, under sections 79 and 80 of the Law No. 24,767 "Law on International Cooperation in Criminal Matters" and the Law No. 24,034 "Treaty on Mutual Legal Assistance in Criminal Matters between the Government of the Argentine Republic and the Government of the United States of America", photocopies of which are attached hereto, any necessary action be taken to cause the Responsible Person for HSBC Private Bank International, at 1441 Brickell Avenue, 17th floor, Miami, Florida 33131, to report if there are any accounts at the name of the firm CURTIEMBRE ARLEI S.A. and/or Arturo Leiser (identity document DNI ▮▮▮▮▮▮▮), and send certified copies of any documentation relating to the opening thereof, and also any signature register in its possession and any statements relating to such accounts from the opening of such accounts to date. Likewise, to report if any financial loan whatsoever has been granted to CURTIEMBRE ARLEI S.A. and/or Arturo Leiser, and if so on what date, in what amount, in what account the loan or loans was (were) deposited, what property was provided as collateral, which was the agreed interest rate, what were the principal repayment conditions and what interest was agreed, and if any repayment has been made in whole or in part, and to submit certified copies of all the documentation associated to such operations, and a summary thereof.- **By:** Betina I.M. Vota, Public Prosecutor. **Before me:** Ángeles Gómez Maiorano, Clerk".-------------------------------------------------

Given, stamped and signed in my public office in the City of Buenos Aires, on the tenth day of July, 2013.--------------------------------------------------

[signature] Betina I.M. Vota – Public Prosecutor----------------------------------
[signature] Ángeles M Gómez Maiorano – Clerk ------------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

5

ALBERTO ALE.
TRADUCTO
IDIOMA
TO XVII F° 136
RIP. C.T.P



ANDRO BREA
R PÚBLICO
INGLÉS
CAPITAL FEDERAL
C.B.A. Nº 6287

**LAW ON INTERNATIONAL COOPERATION IN CRIMINAL MATTERS -------**
**Law No. 24,767-----------------------------------------------------------------------**
-----------------------------------------------------------------------------------------
**General Provisions, Extradition. Assistance in the Investigation and**
**Prosecution of Offences. Serving of Sentences. Jurisdiction. Transitory**
**and Formal Provisions------------------------------------------------------------**
**Enacted: December 18, 1996 --------------------------------------------------**
**Promulgated: January 13, 1997-----------------------------------------------**
-----------------------------------------------------------------------------------------

The Senate and the House of Representatives of Argentina in Congress
assembled, etc., hereby enact the following Law: ---------------------------------
-----------------------------------------------------------------------------------------

**LAW ON INTERNATIONAL COOPERATION IN CRIMINAL MATTERS -------**
-----------------------------------------------------------------------------------------

PART. I.– GENERAL PROVISIONS------------------------------------------------------
-----------------------------------------------------------------------------------------

**Section 1.-----------------------------------------------------------------------------**
-----------------------------------------------------------------------------------------

The Argentine Republic shall afford the widest possible measure of
assistance, to any State requesting it, in the investigation, prosecution and
punishment of offences that fall within the jurisdiction of the requesting State.
Any authorities involved shall use their best effort so that the request can be
executed promptly, in order not to distort the nature of the assistance sought.
-----------------------------------------------------------------------------------------

**Section 2------------------------------------------------------------------------------**
-----------------------------------------------------------------------------------------

If there is a treaty between the requesting State and the Argentine Republic,
the provisions of such treaty shall apply to the processing of legal assistance.
Notwithstanding the foregoing, the provisions of this law shall be used to
interpret the language of the treaties.------------------------------------------------
For any issues not provided for by the treaty, this law shall apply. --------------
-----------------------------------------------------------------------------------------

**Section 3------------------------------------------------------------------------------**
-----------------------------------------------------------------------------------------

In the absence of a treaty governing legal assistance, such assistance shall
be subject to the existence or offering of reciprocity. -----------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

**Section 4-----------------------------------------------------------------------------**
-----------------------------------------------------------------------------------------

Any requests for assistance and any documents in support thereof shall be
translated into Spanish.----------------------------------------------------------------
Any documents submitted through the diplomatic channels shall not require
authentication.--------------------------------------------------------------------------
The proper submission of the documents shall give rise to a presumption of
the truthfulness of their content and the validity of the proceedings to which
they refer.-------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------

(Infoleg Note: Under Section 1 of Decree No. 420/2003, Official Journal of
July 28, 2003, a request hereunder shall be made to the relevant judicial
authority. Under Section 2 thereof, upon compliance with the formal
requirements and conditions in this Section, the relevant judicial authority
shall process the request under this Law through the Prosecutor's Office).-----
-----------------------------------------------------------------------------------------

**Section 5------------------------------------------------------------------------------**

ALBERTO ALE.
TRADUCTC
IDIOMA
MAT. T° XVII F° 136
INSCRIP. C.T.F

--------------------------------------------------------------------
To determine whether a requesting State has jurisdiction over the offence that gives rise to the request for assistance, the laws of the requesting State shall apply.--------------------------------------------------------------------
The fact that the punishment of such offence also falls under Argentine jurisdiction shall not be an obstacle to providing legal assistance.----------------
However, in cases where legal assistance consists in extradition, the admissibility of the request shall be subject to Section 23 hereof. ----------------

**PART II – EXTRADITION** ----------------------------------------------------------
--------------------------------------------------------------------
**TITLE I – Passive Extradition** --------------------------------------------------
--------------------------------------------------------------------
**CHAPTER I – General Conditions** -------------------------------------------------
--------------------------------------------------------------------
**Section 6** --------------------------------------------------------------------
--------------------------------------------------------------------
In order for an offence to be extraditable, the event giving rise to the proceedings must constitute a criminal offence both under Argentine law and under the laws of the requesting State, punishable by deprivation of liberty for a minimum and maximum term averaging at least one year.-----------------------
If a State requests extradition for several offences, it shall suffice for one of such offences to comply with such condition for the extradition request to be admitted in respect of the others.--------------------------------------------------
Where the extradition is requested for the enforcement of a sentence, the part of the sentence remaining to be served must be at least one year of deprivation of liberty at the time the request is submitted.--------------------------

**Section 7** --------------------------------------------------------------------
--------------------------------------------------------------------
Where the definition of the criminal offence is completed by a non-criminal law, the double criminality requirement shall be satisfied in connection with it, even where the non-criminal laws completing the legal description of the offence are different.--------------------------------------------------------------

**Section 8** --------------------------------------------------------------------
--------------------------------------------------------------------
Extradition shall not be available whenever: ------------------------------------
--------------------------------------------------------------------
a) the offence for which extradition is requested is a political crime; -------------
--------------------------------------------------------------------
b) the offence for which extradition is requested is an offence exclusively under military criminal law; --------------------------------------------------------
--------------------------------------------------------------------
c) if the proceedings giving rise to the extradition are conducted before an *ad hoc* commission of the type prohibited under Article 18 of the National Constitution;--------------------------------------------------------------------
--------------------------------------------------------------------
d) the proceedings giving rise to the extradition evidence purposes of persecution by reason the political opinions, nationality, race or religion of the persons involved, or where it can be reasonably assumed that such reasons could prejudice due process; ------------------------------------------------------
--------------------------------------------------------------------

ALBERTO ALEJANDRO BR
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 136 CAPITAL FEDE
INSCRIP. C.T.P.C.B.A. N° 8287



ANDRO BREA
R PÚBLICO
INGLÉS
 CAPITAL FEDERAL
.C.B.A. Nº 6287

e) it can be reasonably assumed that the person whose extradition is sought could be subjected to torture or cruel, inhuman or degrading treatment or punishment;------------------------------------------------------------------------------

f) the offence for which extradition is requested carries the death penalty under the law of the requesting State, and the requesting State does not provide sufficient assurance that the death penalty will not be imposed. --------
------------------------------------------------------------------------------------------

**Section 9**------------------------------------------------------------------------------
------------------------------------------------------------------------------------------

The following shall not be considered to be political crimes: ------------------------
------------------------------------------------------------------------------------------

a) War crimes and crimes against humanity. ------------------------------------------
------------------------------------------------------------------------------------------

b) any attack against the life, physical integrity or freedom of a Head of Government or Head of State, or a member of their family; -------------------------

c) any attack against the life, physical integrity or freedom of diplomatic personnel or other internationally protected persons; -----------------------------
------------------------------------------------------------------------------------------

d) any attack against the life, physical integrity or freedom of innocent civilian population or personnel not involved in violence caused by an armed conflict;
------------------------------------------------------------------------------------------

e) an offence against the safety of civil or commercial aviation or navigation; -
------------------------------------------------------------------------------------------

f) acts of terrorism;--------------------------------------------------------------------
------------------------------------------------------------------------------------------

g) any offence in respect of which the Argentine Republic has an obligation to extradite or prosecute, under an international convention.-----------------------------

**Section 10** ----------------------------------------------------------------------------
------------------------------------------------------------------------------------------

Extradition shall not be available whenever there are special reasons of national sovereignty, security or public policy, other essential interest for Argentina, for which accepting the request is undesirable. ---------------------------

**Section 11** -----------------------------------------------------------------------------
------------------------------------------------------------------------------------------

Extradition shall not be granted:-------------------------------------------------------
------------------------------------------------------------------------------------------

a) if the criminal action or the punishment has lapsed under the law of the requesting State; -------------------------------------------------------------------------
------------------------------------------------------------------------------------------

b) if the person whose extradition is requested has already been tried, in Argentina or in any other country, for the event for which extradition is sought;
------------------------------------------------------------------------------------------

c) if the person whose extradition is requested would be considered to be below the age of criminal liability pursuant to Argentine law if such person had committed the offence in Argentina;-----------------------------------------------------

d) if judgment has been rendered in default and the requesting State does not provide sufficient assurance that the case will be reopened to hear the convicted person, allow him to assert his due process rights and render a new judgment accordingly;---------------------------------------------------------------------

.BERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
. . º XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

9

ALBERTO ALEJ
TRADUCTOF
IDIOMA I
T TP XVII P? 136
CRIP. C.T.P.

e) if the requesting State did not provide sufficient assurance that the time in custody during the extradition proceedings will be counted as if the custody had occurred in the proceedings giving rise to the request.------------------------

Section 12------------------------------------------------------------------------

If the person sought were an Argentine national, he may elect to be prosecuted by an Argentine court, unless a treaty mandating the extradition of nationals is applicable to the case.----------------------------------------------
The status of Argentine national must have existed at the time of the offence was committed and must continue at the time of exercising the option. ----------
Should the Argentine national make use of this option, extradition shall be denied. The Argentine national shall then be prosecuted in Argentina pursuant to Argentine criminal law, provided the requesting State agrees to this, thus waiving its jurisdiction, and forwards all the documentation and evidence necessary for the prosecution. -----------------------------------------
If a treaty applicable to the case does not provide for the extradition of nationals, the National Executive, at the time provided for in Section 36, shall resolve whether such option is admissible. --------------------------------------

Section 13 --------------------------------------------------------------------------

A request for extradition of an accused person shall include: -----------------------

a) A clear description of the conduct constituting the alleged offence, with accurate references to the date, place and circumstances in which it was committed and the identity of the victim; -------------------------------------------

b) The legal category of the offence; --------------------------------------------------

c) An explanation of the grounds whereby the courts of the requesting State are considered to have competent jurisdiction to hear the case, and the reasons for which the criminal action has not yet lapsed; ------------------------

d) An original or certified copy of the court resolution whereby the arrest of the accused person was ordered, with an explanation of the grounds that gave rise to the suspicion that the person sought could have been involved in the commission of the crime, and an original or certified copy of the resolution ordering the issuance of the request for extradition. ------------------------------

e) The text of the relevant criminal and procedural provisions of the law applicable to the case, to the extent they are related with the previous paragraphs;-------------------------------------------------------------------------

f) Any and all information that may help establish the identity of the person sought, such as name, last name, nicknames, nationality, date of birth, marital status, profession or occupation, individual traits, photographs and fingerprint records, and any information on the person's place of residence or whereabouts on Argentine territory. ---------------------------------------------

Section 14 --------------------------------------------------------------------------

ALBERTO ALEJANDRO BF
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T? XVII F? 136 CAPITAL FEDE
INSCRIP. C.T.P.C.B.A. N° 6267

If the person sought has been convicted of an offence, in addition to the above requirements, the request for extradition shall be accompanied by the following:-------------------------------------------------------------------------------

a) An original or certified copy of the judgment imposing the sentence; ----------
-------------------------------------------------------------------------------

b) Statement that such judgment was not rendered in default and is final. If the judgment was entered in default, the assurances provided for in Section 11(d) shall be provided;-------------------------------------------------------

c) Information about the calculation of the time that remains to be served; -----
-------------------------------------------------------------------------------

d) Explanation of the reasons why the penalty has not yet been terminated.---
-------------------------------------------------------------------------------

**Section 15** -----------------------------------------------------------------

Where multiple States request extradition for the same offence, the government shall determine the applicable preference upon considering the circumstances, including the following:--------------------------------------------

a) Relations governed by extradition treaties; -----------------------------------
-------------------------------------------------------------------------------

b) The dates of the relevant requests, and, particularly, the degree of progress made in processing each of the requests; --------------------------------

c) The fact that the offence has been committed on the territory of any of the requesting States;----------------------------------------------------------------

d) The access that each State may have to the evidence of the offence;--------
-------------------------------------------------------------------------------

e) The location of the place of residence or business of the person sought, which will allow such person to assert his/her rights of defense most effectively; ----------------------------------------------------------------------

f) The nationality of the person sought;----------------------------------------

g) The fact that the victim resides in the territory of any of the requesting States; --------------------------------------------------------------------------

h) The likelihood of each request for extradition being successful; ---------------

i) Whether or not the kind and length of penalties are compatible with Argentine law, and, particularly, that the death penalty is not prescribed for the offence in question. ----------------------------------------------------------

**Section 16** -----------------------------------------------------------------

When two or more States request the extradition of a person for different offences, the government shall determine the applicable preference and also consider the following circumstances:-------------------------------------------

a) The relative seriousness of the offences under Argentine law;-----------------
-------------------------------------------------------------------------------



..LBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

b) The possibility that, after the extradition is granted to one of the requesting States, such State could subsequently grant the re-extradition of the person sought to another of such States. ------------------------------------------------------

**Section 17** --------------------------------------------------------------------------

Regardless of any preference it determines, the government may process more than one request. ------------------------------------------------------------
In such case, the granting of a preferred extradition shall have the effects of an authorized re-extradition. ----------------------------------------------------

**Section 18** --------------------------------------------------------------------------

The extradited person may not be prosecuted, persecuted or disturbed, without prior authorization given by Argentina, for previous conduct other than the conduct constituting the offence for which extradition was granted. ----------
If the legal category of the offence for which extradition was granted, were subsequently changed during the proceedings conducted in the requesting State, the action may not be continued unless the new legal category would have allowed for extradition. --------------------------------------------------------
The extradited person may not be re-extradited to another State without prior authorization by Argentina. --------------------------------------------------------
No authorization shall be necessary if the extradited person freely and voluntarily waives such immunity before an Argentine diplomatic or consular authority and assisted by counsel. --------------------------------------------------
Such authorization shall not be necessary either where the extradited person does not voluntarily abandon the territory of the requesting State within thirty calendar days, although the person is free to do so, or where the extradited person voluntarily returns to such territory after having left it. --------------------

**CHAPTER 2 – Procedure** --------------------------------------------------------

**PART 1 - Administrative Procedure** -------------------------------------------

**Section 19** --------------------------------------------------------------------------

A request for extradition and any subsequent documentation shall be delivered by diplomatic channel. -----------------------------------------------------

**Section 20** --------------------------------------------------------------------------

If the person sought is a refugee and the request for extradition is presented by the country that caused the person to become a refugee, the Ministry of Foreign Affairs, International Trade and Worship shall return the request without further processing, with a statement of the reasons that prevent processing. ------------------------------------------------------------------------

**Section 21** --------------------------------------------------------------------------

In cases not comprised under the above section, the Ministry of Foreign Affairs, International Trade and Worship shall given an opinion on the conditions set forth in Sections 3 and 10 above, and on the formal requirements of the request. -----------------------------------------------------

ALBERTO ALEJANDRO BI
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDI
INSCRIP. C.T.P.C.B.A. Nº 628

12



If applicable, such Ministry shall collect any missing documents and information and shall suspend any processing until the requesting State remedies any formal defects. ----------------------------------------------------------------

**Section 22** ---------------------------------------------------------------------------------

Where the opinion of the Ministry of Foreign Affairs, International Trade and Worship determines that the request is to be processed, it shall forward the request to the judicial authorities via the Prosecutor's Office.----------------------
If the Ministry of Foreign Affairs, International Trade and Worship is of the opinion that the request does not meet any admissibility requirement, the National Executive shall resolve the issue. In the event the National Executive decides to accept the request, the request shall be processed. If the National Executive dismisses the request, it shall return the request to the requesting State by diplomatic channel, with a copy of the related Decree. --------------------
The National Executive may delegate such decision to the Ministry of Foreign Affairs, International Trade and Worship.----------------------------------------------

**Section 23** --------------------------------------------------------------------------------

In the case contemplated in Section 5, last paragraph, above, the National Executive shall resolve whether to process the request or not.---------------------
The National Executive may accept the request for processing where: ----------

a) The offence for which extradition is requested is a part of a significantly more serious punishable conduct, which falls under the jurisdiction of the requesting State and not under Argentine jurisdiction;--------------------------------

b) Where the requesting State has considerably greater opportunities than the Argentine Republic to find evidence of the crime. -------------------------------------
In the event that the request is accepted for processing and extradition is ultimately granted, any case pending before the Argentine courts shall be closed.----------------------------------------------------------------------------------------
If the requesting State so requests, copies of the relevant case file shall be forwarded together with any evidence gathered. ------------------------------------

**Section 24** ---------------------------------------------------------------------------------

The proceedings for the administrative procedure governed by this Chapter shall be confidential. ----------------------------------------------------------------------

**Section 25** ---------------------------------------------------------------------------------

The Prosecutor's Office shall represent the interest for the extradition in the judicial process.------------------------------------------------------------------------------
However, the requesting State may be a party to the judicial process through an attorney-in-fact. ---------------------------------------------------------------------------
Whenever the Prosecutor is notified of a term provided by the court for compliance with any requirement on the part of the requesting State, the Prosecutor shall promptly serve notice thereof to the diplomatic or consular authorities of such State. ----------------------------------------------------------------

**PART 2 - Judicial Procedure**------------------------------------------------------------

…BERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

ALBERTO ALEJ
TRADUCTO[
IDIOMA I ·
^T. T⁹ XVII F⁹ 136 i ·
·⁹ᴏCRIP. C.T.P,⌡

**Section 26** ----------------------------------------------------------------------
--------------------------------------------------------------------------------------

Upon receiving the request for extradition, the relevant Court shall issue an arrest warrant against the person sought, if such person is not already in custody. ----------------------
Any laws on exemption from prison or release from prison shall not be applicable to the extradition proceedings, except as otherwise expressly provided in this law. ------------------------

**Section 27** ----------------------------------------------------------------------
--------------------------------------------------------------------------------------

Within 24 hours of the person being arrested, a hearing shall be conducted before the relevant Court. At such hearing, the Court shall: -----------------------
--------------------------------------------------------------------------------------

a) Inform the arrested person of the [reasons for] the arrest and the details of the request for extradition; ----------------------------------------------------------
--------------------------------------------------------------------------------------

b) Invite the arrested person to retain counsel from the list of licensed attorneys-at-law, or, if the person to do so, to have court-appointed counsel, unless the court authorizes the arrested person to act *pro se*; --------------------
--------------------------------------------------------------------------------------

c) State for record any statements by the arrested person in connection with the contents of the request for extradition;----------------------------------------



d) Ask the arrested person whether he/she consents to the extradition after consulting with counsel. The court shall inform the arrested person that if such is the case, the judicial proceedings shall be terminated. The arrested person may choose to answer at a later stage.----------------------------------
Should the arrested person not speak the national language, the Court shall appoint an interpreter. -------------------------------------------------------------
If a temporary arrest was made prior to the request for assistance, the Court shall conduct such hearing within 24 hours from the time it receives such request.------------------------------------------------------------------------------
--------------------------------------------------------------------------------------

ALBERTO ALEJANDRO BRI
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T⁹ XVII F⁹ 136 CAPITAL FEDEF
ⁱⁿSCRIP. C.T.P.C.B.A. N⁹ 6287

**Section 28** ----------------------------------------------------------------------
--------------------------------------------------------------------------------------

The person sought may give his/her free and express consent to be extradited at any stage in the process. The court shall resolve with no further processing. -----------------------------------------------------------------------
In such case, extradition shall only be granted if the requesting State provides assurances that in the event the person sought is found to be free from any liability in connection with the offence for which for which extradition is requested, any expenses for the person's immediate return trip shall be defrayed by the requesting State. -------------------------------------------------
For that purpose, the court shall stay its decision and shall grant a term, not to exceed thirty calendar days, for the requesting State to provide such assurance. ---------------------------------------------------------------------------
The person sought may waive this compensation: in such case, extradition shall be granted with no further delay. -----------------------------------------------

**Section 29** ----------------------------------------------------------------------
--------------------------------------------------------------------------------------

Should the court find that the arrested person is not the person sought, the Court shall so declare after giving due notice to the Prosecutor. In such case,



the court shall order the arrest of the proper person, if it has information to enable for such search.--------------------------------------------------------------------------
This decision may be appealed before the relevant federal court of appeals. The appeal shall have a staying effect, but the arrested person shall be released under bail, after giving due notice to the prosecutor. In such case, the court shall prohibit the person sought from leaving the country. --------------

**Section 30** ----------------------------------------------------------------------------------

In cases other than those contemplated in the above two sections, the court shall issue a summons to appear in court. ----------------------------------------------------
The extradition proceedings shall be conducted under the provisions prescribed by the National Code of Criminal Procedure for correctional proceedings. The timeframe provided for by section 359 of such Code shall not exceed fifteen (15) days.-----------------------------------------------------------------
The existence of the event the person is accused of, or the liability of the person sought, may not be debated during the proceeding. The only issues reviewed in this proceeding shall be the conditions required by this law, except the matters provided for in Section 3, Section 5 and Section 10 hereof.

**Section 31** ---------------------------------------------------------------------------------

In the event that, until the time where judgment is to be rendered, the court finds that any formal requirement in the request for extradition is not met, it shall stay the proceedings and grant a term, not to exceed thirty calendar days, during which the requesting State shall remedy such formal defects. ----

**Section 32** ---------------------------------------------------------------------------------

The court shall decide whether the extradition is admissible. If applicable, the court shall also establish whether the surrender of any objects seized under Section 46 hereof is admissible. ---------------------------------------------------------------
If the court finds the extradition admissible, the judgment shall only declare such admissibility. If the court finds the extradition inadmissible, the judgment shall decline the extradition and shall be final. ------------------------------------------------

**Section 33** ---------------------------------------------------------------------------------

The judgment shall be subject to ordinary appeal before the Argentine Supreme Court under Section 24(6)(b) of Decree-Law No. 1285/58, as confirmed by Argentine Law No. 14,467. ---------------------------------------------------
The appeal shall have a staying effect; however, if the extradition is declined, the person sought shall be released under bail after giving due notice to the prosecutor. The court shall then prohibit the person sought from leaving the country. ------------------------------------------------------------------------------------

**Section 34** ---------------------------------------------------------------------------------

Upon the judgment becoming final, the court shall immediately forward a copy of the judgment to the Ministry of Foreign Affairs, International Trade and Worship. If the court has admitted the request for extradition, it shall also send a copy of the entire case file to the Ministry of Foreign Affairs, International Trade and Worship. ------------------------------------------------------------------

15

RTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

ALBERTO ALEJ.
TRADUCTOR
IDIOMA II
'IAT, TR XVII Fº 138 (
'ISCRIP. C.T.P.'

**PART 3 - Final Decision**----------------------------------------------------------------

---------------------------------------------------------------------------------------

**Section 35** ---------------------------------------------------------------------------

---------------------------------------------------------------------------------------

If the court has declined the extradition, the Ministry of Foreign Affairs, International Trade and Worship shall notify the requesting State, and shall send a copy of the relevant judgment. ------------------------------------------------

**Section 36**--------------------------------------------------------------------------

---------------------------------------------------------------------------------------

Even if the judicial authority has rendered a final decision ruling that the extradition is admissible, the National Executive shall decline the extradition if the circumstances at the time warranted application of the reasons contemplated in Sections 3 and 10 hereof, or in cases where the option of the Argentine national in the case contemplated in Section 12, last paragraph, is exercised. The National Executive may delegate such power to the Minister of Foreign Affairs, International Trade and Worship. ------------------------------------
The decision shall be rendered in a term not to exceed ten business days following the receipt of the proceedings forwarded by the court. Upon expiration of the term without the court adopting an express decision, it shall be construed that the National Executive has granted the extradition.------------
The final decision shall be communicated promptly to the requesting State by the relevant diplomatic channels. In the event the extradition is to be granted, any conditions in Section 8(f), Section 11(e) and Section 18 shall be included in the related communication, and the person sought shall be made available to the requesting State. ---------------------------------------------------------

ALBERTO ALEJANDRO BR
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDE
INSCRIP. C.T.P.C.B.A. Nº 6287

**Section 37**--------------------------------------------------------------------------

---------------------------------------------------------------------------------------

After a final decision is rendered on the request for extradition, no further requests shall be processed based on the same conduct, except where extradition has not been granted because of lack of jurisdiction of the requesting State to prosecute the offence that gave rise to the request. ----------
In such a case, extradition may be requested again by another State that considers it has jurisdiction.------------------------------------------------------------

**Section 38** ---------------------------------------------------------------------------

---------------------------------------------------------------------------------------

The requesting State shall transport the person sought within thirty calendar days from the official notice. ----------------------------------------------------------
The Ministry of Foreign Affairs, International Trade and Worship may extend the term for ten calendar days at the request of the requesting State, where the requesting State is unable to do such transport within such term. -----------
Upon expiration of the term, if the person sought has not been transported, such person shall be immediately released and the requesting State may not repeat the request thereafter. -----------------------------------------------------------

**Section 39** ---------------------------------------------------------------------------

---------------------------------------------------------------------------------------

The delivery shall be postponed in any of the following cases: ---------------------

---------------------------------------------------------------------------------------

a) If the person sought is being criminally tried or is actually serving a term of deprivation of liberty, until the trial ends or the term is completed. ----------------



However, the National Executive may order immediate delivery where the offence for which extradition was granted is significantly more serious than the offence preventing the delivery, or where a postponement could result in impunity of the person sought in the requesting State; --------------------------

b) If the transport may be hazardous for the health of the person sought or for third parties, as a result of a disease, until the risk no longer exists. --------------

**CHAPTER 3 – Delivery of Property and Documents** --------------------------
--------------------------------------------------------------------------------

**Section 40** --------------------------------------------------------------

A request for extradition and, as appropriate, for temporary arrest, may include the seizure of property or documents in the possession of the person sought, and which are:--------------------------------------------------------

a) Evidence of the offence; ----------------------------------------------------

b) Instrumentalities of the offence or property obtained as a result thereof.-----

**Section 41** ------------------------------------------------------------------
--------------------------------------------------------------------------------

The delivery of such property or documents to the requesting State shall be ordered by the resolution granting the extradition, to the extent that this does not affect rights of third parties.--------------------------------------------------

**Section 42**--------------------------------------------------------------------
--------------------------------------------------------------------------------

The delivery shall be ordered even if the extradition cannot be granted as a consequence or the death or flight of the person sought. --------------------------

**CHAPTER 4 – Expenses** --------------------------------------------------------

**Section 43** ------------------------------------------------------------------

All expenses incurred as a consequence of the international transport of the person sought and of any [seized] documents or property shall be borne by the requesting State. Any other expenses shall be borne by the Argentine Republic.--------------------------------------------------------------------

**CHAPTER 5 – Temporary Arrest** ------------------------------------------------
--------------------------------------------------------------------------------

The temporary arrest of a person sought by the authorities of a foreign State shall be admissible:----------------------------------------------------------

a) where such arrest has been formally requested by an authority of the interested country; -----------------------------------------------------------

b) where the person intends to enter the country while being pursued by the authorities of a neighboring country; or---------------------------------------

c) where the person is sought by a court of a foreign country by notices posted in the bulletins of the International Criminal Police Organization (Interpol). --------------------------------------------------------------------

ALBERTO ALEJAN
TRADUCTOR P
IDIOMA ING
T° XVII F° 136 CAI
CRIP. C.T.P.C.B

**Section 45** --------------------------------------------------------------------------

In the case of subsection a) of the previous section, a formal request for temporary arrest shall be delivered by diplomatic channels or through the International Criminal Police Organization (Interpol), and shall specify: ----------

a) The name of the person sought, and all the personal details necessary to identify such person and locate him/her within Argentina; --------------------------

b) The date, place and legal category of the offence; --------------------------------

c) If the person sought is an accused person, the penalty prescribed for the offence giving rise to the request. If the person sought is a convicted person, the unserved portion of the final sentence; --------------------------------------------

d) The existence of the court order of imprisonment; ---------------------------------

e) The agreement to make a formal request for extradition. -----------------------

**Section 46** --------------------------------------------------------------------------

The request shall be immediately referred to the relevant federal Court, with notice to the relevant prosecutor.--------------------------------------------------------
The Court shall issue the arrest warrant unless the requirements of Section 6 appear *prima facie* not to have been complied with, and shall inform the Ministry of Foreign Affairs, International Trade and Worship of all steps taken.



ALBERTO ALEJANDRO BRE
TRADUCTOR PÚBLICO
IDIOMA INGLÊS
MAT. T° XVII F° 136 CAPITAL FEDER/
NSCRIP. C.T.P.C.B.A. N° 6287

**Section 47**--------------------------------------------------------------------------

In the case of Section 44, subsection b), the law enforcement authorities posted at the borders shall immediately make the arrested person available to the competent federal court, with notice to the relevant prosecutor. ----------------
The court shall immediately notify the Ministry of Foreign Affairs, International Trade and Worship. ------------------------------------------------------------------------
The arrested person shall be released if, within two working days, a diplomatic or consular officer of the foreign country does not request that the arrest be extended. The request shall be filed directly with the court and shall meet the requirements set forth in section 45. The filing of such request shall have the effects of the notice of temporary arrest for the purpose of section 50.-----------------------------------------------------------------------------------------

**Section 48** --------------------------------------------------------------------------

In the case of section 44, subsection c), the notices shall comply with the requirements set forth in section 45.------------------------------------------------------
The arrested person shall immediately be made available to the federal court having competent jurisdiction, with notice to the relevant prosecutor and to the Ministry of Foreign Affairs, International Trade and Worship. ------------------

**Section 49** --------------------------------------------------------------------------



IDRO BREA
JBLICO
.ES
ITAL FEDERAL
A. Nº 6287

In all cases of temporary arrest, the court shall hear the arrested person within 24 hours. Where such person does not appoint counsel of his own trust, the court shall appoint him an Official Counsel for the Defence.-------------
The court shall order the arrest to cease if the requirements set forth in section 60 are not complied with *prima facie*. The court shall then order the person sought not to leave the country and to inform any change of address.--
The arrest shall also cease if the arrested person is proven not to be the person sought. --------------------------------------------------------------------------

-----------------------------------------------------------------------------------

**Section 50** ---------------------------------------------------------------------

-----------------------------------------------------------------------------------

The arrested person shall be immediately released. Otherwise, the conditions contemplated in the second paragraph of the above section shall cease to apply after thirty calendar days from the notification of the temporary arrest to the requesting State, if such State has not filed the formal request for extradition. ------------------------------------------------------------------------
The Ministry of Foreign Affairs, International Trade and Worship may order an extension for ten calendar days at the request of the requesting State, if such State was unable to duly file the request for extradition in a timely fashion. ----
In the event that the administrative proceedings regarding the formal request for extradition are delayed, the court, at the request of the arrested person, shall provide a term for such arrest to cease. The arrested person shall be released immediately, otherwise, the conditions contemplated in the second paragraph of the above section shall cease to apply if the formal request for extradition is not referred to the Courts within such term. --------------------------
In such cases, the person released may be arrested again for the same offence, provided that a formal request for extradition is received. ----------------

-----------------------------------------------------------------------------------

**Section 51** ---------------------------------------------------------------------

-----------------------------------------------------------------------------------

.ERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
'NSCRIP. C.T.P.C.B.A. Nº 6287

During the time of the temporary arrest, the arrested person may give its voluntary and express consent to being transferred to the requesting State. The court shall render its decision without further proceedings. ---------------
Such transfer shall only be authorized if the requesting State guarantees that, if the person sought is found not guilty of the act that gives rise to the request, it shall pay all expenses for his/her immediate return trip. ------------------------
For such purpose, the court shall postpone its decision and shall grant a term, which may not exceed thirty calendar days, for the requesting State to provide such guarantees. --------------------------------------------------------------------
The person sought may waive such compensation, in which case the court shall authorize the transfer without delay. --------------------------------------------

-----------------------------------------------------------------------------------

**Section 52** ---------------------------------------------------------------------

-----------------------------------------------------------------------------------

If the Court decides to authorize the transfer, it shall send a copy of the decision and of the complete file to the Ministry of Foreign Affairs, International Trade and Worship.------------------------------------------------------
The decision to authorize the transfer shall have the same effects as a judgment declaring the extradition admissible.----------------------------------------

**CHAPTER 6 – Re-extradition and Prosecution for Other Previous Acts**---

-----------------------------------------------------------------------------------

**Section 53** ---------------------------------------------------------------------

-----------------------------------------------------------------------------------

ALBERTO ALE
TRADUCTC
IDIOMA
MAT. Tº XVII Fº 13(
INSCRIP. C.T.F

The authorizations indicated in Section 18 shall only be granted if the offence that gives rise to the request would have resulted in extradition. ------------------
The request shall comply with the requirements set forth in sections 13 or 14 and shall be dealt with by the procedure prescribed for extradition, subject to the following specifications. ------------------------------------------------------------

**Section 54** -----------------------------------------------------------------------------
------------------------------------------------------------------------------------------
Re-extradition may be requested by any State interested therein. -----------------
Before referring the request to the courts, the Ministry of Foreign Affairs, International Trade and Worship shall hold a hearing conducted by an Argentine diplomatic or consular authority, at which: -------------------------------
------------------------------------------------------------------------------------------
a) The extradited person shall be informed of the content of the authorization requested and of the impact that the granting of such authorization shall have on him; ----------------------------------------------------------------------------------
------------------------------------------------------------------------------------------
b) Any defences raised by the extradited person, with the assistance of attorneys, against the granting of the requested authorization, or his voluntary and express consent to such extradition, shall be documented; --------------------
------------------------------------------------------------------------------------------
c) The extradited person shall be informed of his right to appoint counsel of his own trust and that, if he fails to do so, the court will appoint him an Official Counsel for the Defence. -----------------------------------------------------------------

**Section 55** ----------------------------------------------------------------------------
------------------------------------------------------------------------------------------
The judicial proceedings shall be directly initiated on the occasion contemplated in section 30 hereof. -------------------------------------------------------
The extradited person shall be represented at trial by his own trusted counsel or by the Official Counsel for the Defense. An Argentine diplomatic or consular authority shall notify the extradited person of the final decision, and shall provide him with a copy of such decision.-------------------------------------------

**Section 56** ----------------------------------------------------------------------------
------------------------------------------------------------------------------------------
If the re-extradition authorization has been processed by the channel referred to in section 17, the Ministry of Foreign Affairs, International Trade and Worship may revoke such authorization, on the grounds set forth in section 3 and 10, unless the re-extradition has been performed.------------------------------

**CHAPTER 7 – Extradition in Transit**-------------------------------------------------
------------------------------------------------------------------------------------------
**Section 57** ----------------------------------------------------------------------------
------------------------------------------------------------------------------------------
An authorization for extradition in transit must be requested where, pursuant to an extradition granted by another country, the extradited person must travel through Argentine territory.-------------------------------------------------------------

**Section 58** ----------------------------------------------------------------------------
------------------------------------------------------------------------------------------
If air transportation is used, the authorization shall only be necessary when there is a planned stopover in Argentine territory. --------------------------------------

ALBERTO ALEJANDRO BRI
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDEF
INSCRIP. C.T.P.C.B.A. Nº 6287

JANDRO BREA
R PÚBLICO
INGLÉS
CAPITAL FEDERAL
.C.B.A. Nº 6287



**Section 59** ----------------------------------------------------------------

The request shall be accompanied by: -----------------------------------------

a) A copy of the request for extradition that gives rise to the transit; -----------

b) A copy of the communication notifying the granting of the extradition that gives rise to the transit. ----------------------------------------------------------

**Section 60** ----------------------------------------------------------------

The authorization shall be granted by the Ministry of Foreign Affairs, International Trade and Worship. ---------------------------------------------------
It shall only be denied on the grounds contemplated in sections 3 and 10. -----

**Section 61** ----------------------------------------------------------------

While in transit in Argentine territory, the person being transported shall be held in custody by Argentine authorities. The requesting State shall reimburse any expenses incurred by Argentina for such custody. -------------------------------

**TITLE 2 – Extradition as a Requesting State** ------------------------------

**Section 62** ----------------------------------------------------------------

Argentina shall request the extradition of a person where such extradition is prima facie admissible under the laws of the country where the person sought is located. -------------------------------------------------------------------------
If the case involves a transfer, the [rules] prescribed in connection with such transfer shall apply. --------------------------------------------------------------

**Section 63** ----------------------------------------------------------------

In order to request extradition of an accused person, the court trying the case shall issue an arrest warrant containing an accurate description of the facts, the relevant legal category of the offence and the grounds for suspecting that the person sought has participated in the offence. --------------------------------

**Section 64** ----------------------------------------------------------------

If the requested extradition is denied by the foreign country for reasons whereby the prosecution must be conducted in such country, the National Executive shall decide if it accepts such prosecution.-------------------------------
If so, if the foreign country so requests, copies of the court case file made and of the collected evidence shall be delivered thereto. ------------------------------

**Section 65** ----------------------------------------------------------------

A request for extradition shall be delivered by the relevant court to the Ministry of Foreign Affairs, International Trade and Worship. Prior to referring such request, the Ministry shall give an opinion on its admissibility and request compliance with the relevant requirements.-----------------------------------

**Section 66** ----------------------------------------------------------------

A_ _ERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287



ALBERTO ALE.
TRADUCTO
IDIOMA
MAT. T° XVII F° 138
RIP. C.T.P.

The time of deprivation of liberty required by the extradition process shall be counted in the manner prescribed by section 24 of the Argentine Penal Code.

**PART III – Assistance in the Investigation and Prosecution of a Criminal Offence**

**Section 67**

The admissibility of a request made by a foreign authority for assistance in the investigation and prosecution of a criminal offence shall be governed by sections 3, 5, 8, 9 and 10 hereof.

**Section 68**

Assistance shall be provided even if the act that gives rise to such assistance does not constitute a crime in Argentina.
However, such act must constitute a crime in Argentina if the assistance sought involves the seizure of property, search of premises, surveillance of persons, postal interception or telephone tapping.

**Section 69**

The request for assistance shall be submitted through diplomatic channels and shall include the following information:

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

a) Authority that issued the request;

b) A clear description of the offence that gives rise to the request, with precise references to the date, place and circumstances in which it was committed, and the particulars of the perpetrator and the victim;

c) The legal category of the offence and the penalty applicable to the event;

d) The purpose of the request and such information about the circumstances as may be useful to ensure the effectiveness of the assistance;

e) Personal details of the officers and representatives of the parties who have been authorized by the requesting State to participate in the requested proceedings. Such participation shall be accepted insofar as it is not inconsistent with Argentine legislation.

**Section 70**

Any administrative proceedings pursuant to a request for assistance shall be similar to the proceedings prescribed for a request for extradition, with the following special rules.

**Section 71**

If the Ministry of Foreign Affairs, International Trade and Worship gives an opinion indicating that the request must be accepted, it shall refer the request to the Ministry of Justice.



ANDRO BREA
R PÚBLICO
INGLÉS
CAPITAL FEDERAL
C.B.A. Nº 6287

**Section 72** --------------------------------------------------

If the granting of the request may hinder an ongoing criminal investigation in Argentina, the execution of the request may be postponed or conveniently conditioned. Such postponement or conditions shall be informed to the requesting State. --------------------------------------------------

**Section 73** --------------------------------------------------

The conditions and manner in which the requested measures shall be implemented shall be governed by Argentine law. --------------------------------
If the requesting State is interested in a specific condition or manner of implementation, it shall expressly inform of such interest. In such case, the request shall be granted as long as no constitutional safeguards are violated.

--------------------------------------------------

**Section 74** --------------------------------------------------

The Ministry of Justice shall refer the request to the proper authority as applicable to the requested type of assistance, and may determine any postponements or conditions under sections 72 and 73 hereof, and grant or not grant authorization to any persons under section 69, paragraph e) hereof. Where the assistance requests any court action, the Prosecutor's Office shall represent the interest of the State requesting such assistance in the relevant court proceedings. --------------------------------------------------

**Section 75** --------------------------------------------------

Any request for the purpose of summoning an accused person, a witness or an expert witness, to appear before an authority of the requesting State, shall be transmitted at least forty-five days prior to the date of the relevant hearing. The summons shall be notified without any warnings and penalties prescribed by Argentine legislation, unless the person summoned has received an advance payment for travel expenses. --------------------------------------------------
In such case, if the person summoned does not comply with the summons, he/she shall be penalized in Argentina in the same manner as a witness who fails to appear before a similar Argentine authority.--------------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

**Section 76** --------------------------------------------------

If the request consists in the transfer of a person deprived of his/her liberty in Argentina, so that he/she may appear before an authority of the requesting State, the transfer may only be authorized if the person sought gives his voluntary and express consent thereto, with counsel assistance. --------------------
The requesting State shall hold the transferred person in custody and shall immediately transfer the person back after the proceedings that gave rise to the request. --------------------------------------------------

**Section 77** --------------------------------------------------

A person appearing at the summons in the requesting State may not be prosecuted, persecuted or disturbed without prior authorization by Argentina, in connection with an offence committed before the request for assistance was processed, except in the cases contemplated in the last two paragraphs of section 18 hereof.--------------------------------------------------

The authorization shall be governed by sections 53 to 55 hereof. ----------------
-----------------------------------------------------------------------------------

**Section 78** -------------------------------------------------------------------

If the request seeks that an accused person, a witness or an expert witness make a statement in Argentina, the summons shall be issued under the penalties prescribed under Argentine law. -----------------------------------
-----------------------------------------------------------------------------------

**Section 79** -------------------------------------------------------------------
-----------------------------------------------------------------------------------

If the request seeks the production of official documents or information, it may be granted to the extent that such documents or information would be provided to a similar Argentine authority. -------------------------------------

**Section 80** -------------------------------------------------------------------
-----------------------------------------------------------------------------------

The delivery of original documents or property may be made conditional upon the return thereof.---------------------------------------------------------------

**Section 81** -------------------------------------------------------------------
-----------------------------------------------------------------------------------

Any property storage expenses, postage and handling charges, travel expenses, and fees of expert witnesses resulting from the execution of the request shall be borne by the requesting State. ---------------------------------

**PART IV – EXECUTION OF SENTENCES** -------------------------------------

**TITLE I – Execution of Sentences Imposed Abroad** -------------------------

**CHAPTER I – Penalties Involving Deprivation of Liberty** -------------------
-----------------------------------------------------------------------------------

**Section 82** -------------------------------------------------------------------
-----------------------------------------------------------------------------------

A penalty involving deprivation of liberty, imposed on an Argentine national by a foreign court, may be executed in Argentina subject to the conditions set forth below.---------------------------------------------------------------------------
-----------------------------------------------------------------------------------

**Section 83** -------------------------------------------------------------------
-----------------------------------------------------------------------------------

The transfer request may be submitted by the convicted person, by a third party on behalf thereof or by the State that imposed the sentence.----------------
-----------------------------------------------------------------------------------

**Section 84** -------------------------------------------------------------------
-----------------------------------------------------------------------------------

The Ministry of Justice shall decide on the transfer request.---------------------
In doing so, it shall have regard to all the circumstances that enable it to assume that the transfer shall further the purposes of the sentence, especially in terms of the links that the convicted person may have in Argentina by reason of family relationships or residence. ----------------------------------------
If the request is denied, the Ministry of Justice may refrain from stating the reasons for such denial.--------------------------------------------------------------
If the request is approved, the Ministry of Justice shall refer the case to the relevant enforcement court and send to such court all the background information of the case. ----------------------------------------------------------

ALBERTO ALEJANDRO BRE
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDER,
INSCRIP. C.T.P.C.B.A. Nº 6267



TRADUCTOR
PÚBLICO
INGLÉS
CAPITAL FEDERAL
C.B.A. Nº 6287

**Section 85** --------------------------------------------------------------------

In order for a request for transfer to be granted, the following conditions must occur: -------------------------------------------------------------------

a) The convicted person must be an Argentine national at the time the request is submitted; -------------------------------------------------------------

b) The sentencing judgment rendered in the foreign country must be final;-----

c) The person convicted must have freely and expressly consented to its transfer before an Argentine diplomatic or consular authority, with counsel assistance, and after being informed of the consequences;-----------------------

d) The unserved portion of the sentence must be at least two years at the time the request is submitted;---------------------------------------------------

e) The convicted person must have made good, to the fullest possible extent, any damage caused to the victim. ----------------------------------------------
The transfer is granted regardless of whether the event is a criminal offence under Argentine law. --------------------------------------------------------

**Section 86** --------------------------------------------------------------------

If the request for transfer is submitted by the convicted person directly or through third parties, the Ministry of Justice shall request from the sentencing State, through diplomatic channels, the following records: -----------------------

a) A copy of the judgment imposing the sentence;---------------------------------

b) A description of the circumstances surrounding the offence for which the person was sentenced, if not stated in the judgment; --------------------------------

c) A statement indicating that the sentence is final, the time that remains to be served and the precise date and time of fulfilment thereof;----------------------

d) Full information indicating if the convicted person has redressed any damage caused to the victim, to the fullest possible extent, and on the convicted person's behavior at the penal facility where such person served its sentence; -------------------------------------------------------------------

e) A statement indicating that the sentencing State could agree to the transfer on the conditions set forth herein. -------------------------------------------

At the same time, it shall open a file containing all the evidence gathered by the party requesting the transfer, that is relevant to the purposes provided for in the second paragraph of Section 84. ---------------------------------------

**Section 87** --------------------------------------------------------------------

A request for transfer made by the sentencing State must be submitted through diplomatic channels.---------------------------------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
.º XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

The request must contain, in addition to the documents listed in the section above, the consent given by the convicted person as provided in Section 85(c). --------------------------------------------------------------------------------

Section 88 ----------------------------------------------------------------------------------

The transfer shall be approved on the following conditions: ----------------------

a) The sentence shall be served pursuant to the laws and regulations effective in Argentina, including parole rules; ------------------------------------

b) Only the sentencing State may revise the sentence or grant amnesty, pardon or commutation of the sentence; ----------------------------------------------

c) Argentina shall immediately release the transferred person upon receipt of an order to that effect from the sentencing State; -----------------------------------

d) The person transferred shall enjoy immunity provided for in Section 18; -----

e) Argentina shall inform the sentencing State from time to time of the status of service of the sentence. --------------------------------------------------------------

Section 89 ----------------------------------------------------------------------------------

The transfer shall be made at a place and on a date to be agreed upon. Argentina shall bear any and all expenses incurred from the time the transferred person is held in its custody. ----------------------------------------------

CHAPTER 2 – Suspended Execution of Sentence or Parole------------------------

Section 90 ----------------------------------------------------------------------------------

Where a convicted person is released on suspended execution of sentence or granted parole by a foreign court, such convicted person may serve the terms thereof under the supervision of Argentine authorities.----------------------------

Section 91 ----------------------------------------------------------------------------------

The request must be submitted through diplomatic channels and contain the following: ---------------------------------------------------------------------------------

a) A copy of the final judgment imposing the sentence;---------------------------

b) Complete information about whether the convicted person has made good any damage caused to the victim to the fullest possible extent; --------------------

c) Valid information about the date on which the convicted person will travel to Argentina, and about the issuance of a visa as appropriate;-------------------------

d) A description of the duties undertaken by the convicted person and the supervision required to be exercised by Argentine authorities in connection therewith, specifying the actual date on which such supervision is to cease. ---

Section 92 ----------------------------------------------------------------------------------

ALBERTO ALEJANDRO BRE
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDER/
INSCRIP. C.T.P.C.B.A. Nº 6287



An convicted person who is an Argentine national may submit the request directly or through third parties on the person's behalf. ------------------------------
To the extent relevant, the procedures set forth in Section 84 shall apply to any such request. -------------------------------------------------------------

**Section 93** -------------------------------------------------------------

The Ministry of Justice shall decide on the request. -----------------------------
It shall not grant the assistance requested if the duties undertaken by the convicted person or the supervision measures required violate Argentine laws. --------------------------------------------------------------------
If assistance is granted, the case shall be referred to the relevant court of competent jurisdiction for such court to order, decide on and monitor the enforcement of the supervision measures.----------------------------------------

**Section 94** -------------------------------------------------------------

Argentina shall inform the sentencing State from time to time of the status of the supervision tasks. --------------------------------------------------------
Furthermore, it shall immediately inform any failure by the convicted person to observe the obligations undertaken, so that the sentencing State may take any measures as the case may be. ---------------------------------------------

**CHAPTER 3** - -------------------------------------------------------------

**Section 95** -------------------------------------------------------------

Penalties consisting in fines or seizure of property imposed in a foreign country may be enforced in the Argentine Republic, at the request of the respective foreign court, where: ------------------------------------------------

a) the offence falls within the jurisdiction of the requesting State, pursuant to its own laws; -------------------------------------------------------------

b) the sentence is final; -----------------------------------------------------

c) the conduct on which the sentence is based constitutes a punishable offence under Argentine law, even where the penalties provided therefor are not the same;---------------------------------------------------------------

d) the circumstances provided for in Section 8(a) and (d) o not occur; -----------

e) the penalty has not been barred as provided by the law of the requesting State; -------------------------------------------------------------------

f) if the convicted person has not been prosecuted in Argentina or in any other country for the conduct on which the request is based;------------------------------

g) the convicted person has been personally summoned and its defence has been guaranteed; ------------------------------------------------------------

h) the reasons specified in Section 10 are not applicable. ------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. ʿ      ʿ/ll F° 136 CAPITAL FEDERAL
.°IP. C.T.P.C.B.A. N° 6287

ALBERTO ALEJAN
TRADUCTOR P(
IDIOMA ING
AT, T9 XVII F9 138 CA(
CRIP. C.T.P.C.E

Assistance shall not consist in the imposition of imprisonment in lieu of the payment of fines. ------------------------------------------------------------------------------

Section 96 ------------------------------------------------------------------------------

The Ministry of Foreign Affairs, International Trade and Worship may agree with the requesting State, on a reciprocity basis, that the Argentine Republic shall retain a portion of the proceeds or property obtained as a result of the execution process. ------------------------------------------------------------------------------

Section 97 ------------------------------------------------------------------------------

The request must be submitted through diplomatic channels.------------------------
The administrative proceedings shall be similar to those provided for in connection with the requests for assistance in investigation and prosecution of offences. ------------------------------------------------------------------------------
In the court proceedings, interest in the execution shall be represented by the Prosecutor's Office. ------------------------------------------------------------------------------

Section 98 ------------------------------------------------------------------------------

Court proceedings shall be governed by the rules related to ancillary proceedings provided for in the Argentine Code of Civil and Commercial Procedure. ------------------------------------------------------------------------------
During the course of such proceedings, precautionary measures may be issued. ------------------------------------------------------------------------------
If the court orders the enforcement of a sentence, the rules governing the enforcement of Argentine sentences under such Code shall be observed.------

ALBERTO ALEJANDRO BRE
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T9 XVII F9 138 CAPITAL FEDERA
INSCRIP. C.T.P.C.B.A. N9 6287

Section 99 ------------------------------------------------------------------------------

Fines shall be enforced by requiring the payment of the amount and fulfilment of the terms set forth in the sentencing judgment. The amount shall be converted to Argentine currency as prescribed by Argentine law and practices.------------------------------------------------------------------------------

Section 100 ------------------------------------------------------------------------------

Any extraordinary expenses incidental to the enforcement shall be borne by the requesting State.------------------------------------------------------------------------------

Section 101 ------------------------------------------------------------------------------

The proceeds of property obtained shall be deposited to the order of the Ministry of Foreign Affairs, International Trade and Worship, which shall transfer or surrender such proceeds or property to the duly accredited authorities of the requesting State.------------------------------------------------------------------------------

CHAPTER 4 – Disqualification Sentences------------------------------------------------

Section 102 ------------------------------------------------------------------------------



A disqualification sentence imposed in a foreign country may be enforced in the Argentine Republic, at the request of the respective foreign court, on the conditions set forth in Section 95 hereof. --------------------------------------------

**Section 103** --------------------------------------------------------------------

The request must be submitted through diplomatic channels. ----------------------
The administrative proceedings shall be similar to those provided for in connection with requests for enforcement of fines or seizure of property. -------
In the court proceedings, interest in the enforcement shall be represented by the Prosecutor's Office. --------------------------------------------------------

**Section 104** --------------------------------------------------------------------

Court proceedings shall be governed by the rules related to ancillary proceedings provided for in the Argentine Code of Civil and Commercial Procedure. ----------------------------------------------------------------
If the relevant conditions are met, the necessary measures for giving effect to the disqualification sentence in Argentina shall be ordered. --------------------
--------------------------------------------------------------------------

**TITLE II – SERVICE ABROAD OF SENTENCES IMPOSED IN ARGENTINA**

**CHAPTER I – Penalties Involving Deprivation of Liberty** ----------------------
--------------------------------------------------------------------------

**Section 105** --------------------------------------------------------------------

A penalty involving deprivation of liberty, imposed by an Argentine court on a foreign national, may be served in the country of which such person is a national. ----------------------------------------------------------------------
The request may be submitted by the convicted person, by third parties on the convicted person's behalf or by the State of such nationality. --------------------

**Section 106** --------------------------------------------------------------------

The procedures and conditions set forth in Sections 83 to 89 shall apply. ------
The Ministry of Justice shall not decide on the transfer of the convicted person, unless: --------------------------------------------------------------

a) the convicted person has freely and expressly consented to its transfer before the court enforcing the sentence, on the advice of legal counsel and after being informed of the consequences; -------------------------------------

b) the court enforcing the sentence has held that the condition set forth in Section 85(e) has been met, after a hearing to which the victim has been summoned. ----------------------------------------------------------------

**CHAPTER 2 – Parole** ------------------------------------------------------

**Section 107** --------------------------------------------------------------------

A person granted parole by an Argentine court may serve the parole terms in a foreign country under the supervision of such country's authorities. ------------
The conditions in Sections 91 to 94 shall apply. ------------------------------
--------------------------------------------------------------------------

ALBERTO ALEJANDRO BRE
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

29

ALBERTO ALEJ/
TRADUCTOR
IDIOMA II
MAT. T° XVII F° 138 (
'NSCRIP. C.T.P.(

**Section 108** -----------------------------------------------------------
-----------------------------------------------------------------------
The request must be submitted to the court enforcing the sentence. --------------
The decision to request assistance from the foreign country shall be governed
by the provisions of Sections 62 and 65. ---------------------------------------

**CHAPTER 3 – Fines, Seizure of Property and Disqualification** ----------------

**Section 109** -----------------------------------------------------------
-----------------------------------------------------------------------
The Argentine authority that imposes a fine, seizure of property or
disqualification may request that the sentence be enforced in a foreign
country. ----------------------------------------------------------------
The conditions set forth in Sections 95 to 101 shall apply. --------------------

**Section 110** -----------------------------------------------------------
-----------------------------------------------------------------------
The decision to request assistance from a foreign country shall be governed
by the provisions of Sections 62 and 65. ---------------------------------------
The Ministry of Foreign Affairs, International Trade and Worship may agree
with the requesting State, on a reciprocity basis, that the Argentine Republic
shall retain a portion of the proceeds or property obtained as a result of the
execution process. ------------------------------------------------------

**PART V – JURISDICTION**------------------------------------------------
-----------------------------------------------------------------------
**Section 111** -----------------------------------------------------------
-----------------------------------------------------------------------
Extradition cases shall be heard by the relevant federal court in criminal
matters having its venue in the place of residence of the person sought, and
which is on duty at the time the case is referred.-------------------------------
If the place of residence is unknown, or if there is more than one and they are
located in different venues, the Ministry of Foreign Affairs, International Trade
and Worship may choose between any of the federal courts in the venue
including such places and a federal court for the City of Buenos Aires,
provided that the chosen court is on duty at the time the case is referred.-------

**Section 112** -----------------------------------------------------------
-----------------------------------------------------------------------
The same rules provided for in the above section shall apply to a formal
request for temporary arrest. ----------------------------------------------
The court that has carried out the temporary arrest proceedings shall carry
out the proceedings relating to the extradition request. -------------------------

**Section 113** -----------------------------------------------------------
-----------------------------------------------------------------------
If a temporary arrest was made without any prior court involvement, the
federal court in criminal matters having its venue at the place where such
request is made, and which is on duty at the time of the arrest, shall have
competent jurisdiction to hear the case. ---------------------------------------
Such court shall also have competent jurisdiction to hear the extradition
request.-----------------------------------------------------------------

**Section 114** -----------------------------------------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 138 CAPITAL FEDERAL
'NSCRIP. C.T.P.C.B.A. N° 6287



NDRO BREA
PÚBLICO
IGLÉS
APITAL FEDERAL
.B.A. N° 6287

---

If the same person is subject to multiple extradition requests, all the extradition requests shall be decided upon by the court that first heard any of such requests.------------------------------------------------------------

**Section 115** --------------------------------------------------------------

In the case provided for in the second paragraph of Section 37 hereof, jurisdiction shall be exercised by the court that heard the first request. --------

**Section 116** --------------------------------------------------------------

Whenever extradition is denied by reason of nationality, jurisdiction over the case to be pursued against the national shall be exercised by the court that heard the extradition.-------------------------------------------------------

**Section 117** --------------------------------------------------------------

A request for re-extradition or for authorization of prosecution of an extradited person, for conduct that took place before the granting of extradition, shall be heard by the court that conducted the extradition proceedings on which the request was based. -----------------------------------------------------

**Section 118** --------------------------------------------------------------

As to the matters contemplated in Sections 82 and 90 hereof, the Ministry of Justice shall refer the case to the national penal execution court that, in the Ministry's discretion, is appropriate for furthering the purposes of Section 82 or for ensuring that supervision tasks are conducted effectively and expeditiously, provided that such courts are on duty at the time the case is referred. ------------------------------------------------------------

**Section 119** --------------------------------------------------------------

In a matter contemplated in Sections 95 and 102, the relevant Federal criminal and correctional court in the Federal Capital shall have competent jurisdiction if the residence of the sentenced person is not in Argentina. If the residence of the sentenced person is in Argentina, the case shall be heard by the court having the same subject matter jurisdiction in the venue where the residence is located.-------------------------------------------------

**PART VI – TEMPORARY AND FORMAL PROVISIONS**-------------------------

**Section 120** --------------------------------------------------------------

The procedural provisions in this law shall apply to any pending extradition proceedings, provided that the case has not been set for submission of evidence. --------------------------------------------------------------
If the proceedings continue to be governed by the Code of Penal Procedure (Law No. 2372), Section 31 hereof shall apply. Upon final judgment being entered, Sections 35 to 39 shall also apply. -------------------------------------

**Section 121** --------------------------------------------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
...AT. T° XVII F° 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

ALBERTO ALEJ
TRADUCTO!
IDIOMA !
MAT. T° XVII F° 136!
INSCRIP. C.T.P;

Any procedural acts performed prior to the effective date hereof under the rules of procedure superseded hereby shall remain valid. ---------------------------

**Section 122** ------------------------------------------------------------------------
----------------------------------------------------------------------------------

The provisions of Sections 23, 39(a) second paragraph and 64 shall apply where a case to be heard by an Argentine court is subject to federal jurisdiction. ------------------------------------------------------------------------
Such provisions [shall also] apply in cases subject to provincial jurisdiction, to the extent that the provinces agree thereto. -----------------------------------------

**Section 123** ------------------------------------------------------------------------
----------------------------------------------------------------------------------

The Law No. 1612 and Sections 646 to 674, in Title V, Part Two, Volume Four of the Code of Penal Procedure (Law No. 2372) are hereby repealed.----

**Section 124** ------------------------------------------------------------------------
----------------------------------------------------------------------------------

This law shall take effect thirty days after its publication. -----------------------

**Section 125** ------------------------------------------------------------------------
----------------------------------------------------------------------------------

Give notice to the National Executive -----------------------------------------------

DONE IN THE SESSIONS ROOM OF THE ARGENTINE CONGRESS, IN BUENOS AIRES, ON DECEMBER 18, 1996. -------------------------------------------

REGISTERED UNDER No. 24767-----------------------------------------------------

ALBERTO R PIERRI – CARLOS F RUCKAUF – Esther H Pereyra Arandia de Pérez Pardo – Edgardo Piuzzi. ----------------------------------------------------------
----------------------------------------------------------------------------------



ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

ANDRO BREA
t PÚBLICO
NGLÉS
CAPITAL FEDERAL
C.B.A. Nº 6287



The text of this Law was consulted from InfoLEG, the database of the Center for Documentation and Information, Ministry of Economy and Public Finance.-

TREATIES – LAW No. 24,034 ------------------------------------------------------

Approving the Mutual Legal Assistance Treaty in Criminal Matters with the Government of the United States of America. ---------------------------------------------

Enacted on November 27, 1991 -----------------------------------------------------
Promulgated on December 20, 1991 ----------------------------------------------

The Senate and the House of Representatives of Argentina, assembled in Congress, etc., hereby enact with the effect of a Law:------------------------------

Section 1------------------------------------------------------------------------------

The Mutual Legal Assistance Treaty in Criminal Matters between the Government of the Argentine Republic and the Government of the United States of America is hereby approved, in nineteen (19) articles and three (3) annexes, subscribed in Buenos Aires on December 4, 1990. An authenticated photocopy thereof in Spanish language is an integral part of this law. ------------

Section 2 -----------------------------------------------------------------------------

Give notice to the National Executive --- ALBERTO R PIERRI – EDUARDO MENEM – Esther H Pereyra Arandia de Pérez Pardo – Hugo R Flombaum ---

DONE IN THE SESSIONS ROOM OF THE ARGENTINE CONGRESS, IN BUENOS AIRES, ON NOVEMBER 27, 1991.--------------------------------------------

[TRANSLATOR'S NOTE: *The translation below considers the relevant part of the official English version of the Treaty, as it appears on:* --------- *http://www.oas.org/juridico/mla/en/traites/en_traites-mla-usa-arg.pdf* ]---

TREATY -------------------------------------------------------------------------------
ON MUTUAL LEGAL ASSISTANCE IN CRIMINAL MATTERS---------------------
BETWEEN THE GOVERNMENT OF THE ARGENTINE REPUBLIC-------------
AND----------------------------------------------------------------------------------------
THE GOVERNMENT OF THE UNITED STATES OF AMERICA--------------------

The Government of the Argentine Republic and the Government of the United States of America, -----------------------------------------------------------------------
Desiring to improve the effectiveness of the law enforcement authorities of both countries in the prevention, investigation and prosecution of crime through cooperation and mutual legal assistance in criminal matters, ------------

Have agreed as follows:----------------------------------------------------------------

Article 1 – Scope of Assistance --------------------------------------------------------

1. The Contracting Parties shall provide mutual assistance, in accordance with the provisions of this Treaty, in connection with the prevention, investigation and prosecution of offenses, and in proceedings related to criminal matters.---------------------------------------------------------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDERAL
CRIP. C.T.P.C.B.A. Nº 6287

33

2. Assistance shall include: ------------------------------------------------------------------

a) taking the testimony or statements of persons; ------------------------------------

b) providing documents, records and articles of evidence; ---------------------------

c) serving documents;  ---------------------------------------------------------------

d) locating or identifying persons; ------------------------------------------------------

e) transferring persons in custody for testimony or other purposes; ----------------

f) executing requests for searches and seizures; ------------------------------------

g) immobilizing assets; ---------------------------------------------------------------

h) assisting in proceedings relating to forfeiture, restitution and collection of fines; and------------------------------------------------------------------------------------

i) any other form of assistance not prohibited by the laws of the Requested State. ---------------------------------------------------------------------------------------

3. Assistance shall be provided without regard to whether the conduct which is the subject of the investigation, prosecution, or proceeding of the Requesting State would constitute an offence under the laws of the Requested State. -------------------------------------------------------------------------------

4. This Treaty is intended solely for mutual legal assistance between the Parties. The provisions of this Treaty shall not give rise to a right on the part of any private person to obtain, suppress, or exclude any evidence, or to impede the execution of a request. --------------------------------------------------------

**Article 2 – Central Authorities** ----------------------------------------------------------

1. Each Contracting Party shall designate a Central Authority to make and receive requests pursuant to this Treaty.-------------------------------------------------

2. For the United States of America, the Central Authority shall be the Attorney General or the persons designated by him. For the Argentine Republic, the Central Authority shall be the Undersecretary of Justice or any persons designated by such officer. --------------------------------------------------------

3. The Central Authorities shall communicate directly with one another for the purposes of this Treaty. --------------------------------------------------------------------

**Article 3 – Limitations of Assistance**-----------------------------------------------------

1. The Central Authority of the Requested State may deny assistance if:---------

a) the request relates to a political offense or an offense under military law which would not be an offense under ordinary criminal law; or-----------------------



b) the execution of the request would prejudice the security or similar essential interests of the Requested State. ----------------------------------------------

2. Before denying assistance pursuant to this Article, the Central Authority of the Requested State shall consult with the Central Authority of the Requesting State to consider whether assistance can be given subject to such conditions as it deems necessary. If the Requesting State accepts assistance subject to these conditions, it shall comply with the conditions. ------------------------------

3. If the Central Authority of the Requested State denies assistance, it shall inform the Central Authority of the Requesting State of the reasons for the denial. ----------------------------------------------------------------------------

**Article 4 – Form and Content of Requests**----------------------------------------
--------------------------------------------------------------------------------------

1. A request for assistance shall be in writing, except that the Central Authority of the Requested State may accept a request in another form in urgent situations. In any such case, the request shall be confirmed in writing within ten days thereafter unless the Central Authority of the Requested State agrees otherwise. The request shall be in the language of the Requested State unless otherwise agreed.------------------------------------------------

2. The request shall include the following:------------------------------------------
--------------------------------------------------------------------------------------

a) the name of the authority conducting the investigation, prosecution or proceeding to which the request relates; ---------------------------------------------

b) a description of the subject matter and nature of the investigation, prosecution, or proceeding, including the specific criminal offenses which relate to the matter; -----------------------------------------------------------------

c) a description of the evidence, information, or other assistance sought; and-
--------------------------------------------------------------------------------------

d) a statement of the purpose for which the evidence, information, or other assistance is sought. -------------------------------------------------------------------

3. To the extent necessary and possible, a request shall also include:-----------
--------------------------------------------------------------------------------------

a) information on the identity and location of any person from whom evidence is sought; ----------------------------------------------------------------------------

b) information on the identity and location of a person to be served, that person's relationship to the proceedings, and the manner in which service is to be made; -------------------------------------------------------------------------

c) information on the identity and whereabouts of a person to be located; ------
--------------------------------------------------------------------------------------

d) a precise description of the place or identification of the person to be searched and of the articles to be seized;-------------------------------------------

e) a description of the manner in which any testimony or statement is to be taken and recorded; ---------------------------------------------------------------

f) a list of questions to be asked;--------------------------------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287



g) a description of any particular procedure to be followed in executing the request; ------------------------------------------------------------------

h) information as to the fees and expenses to which a person asked to appear in the Requesting State will be entitled; and------------------------------------

i) any other information which may be brought to the attention of the Requested State to facilitate its execution of the request. -------------------------

**Article 5 – Execution of Requests**----------------------------------------------

1. The Central Authority of the Requested State shall promptly execute the request or, when appropriate, transmit it to the authority having jurisdiction to do so. The competent authorities of the Requested State shall do everything in their power to execute the request. The Courts of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request. --------------------------------------------

2. When necessary, the request shall be presented to the appropriate authority by the persons designated by the Central Authority of the Requested State. Such persons shall be legally authorized to act in any proceedings related to the request. -----------------------------------------------------------

3. Requests shall be executed in accordance with the laws of the Requested State, except to the extent that this Treaty provides otherwise. However, the method of execution specified in the request shall be followed except insofar as it is prohibited by the laws of the Requested State. ----------------------------

4. If the Central Authority of the Requested State determines that execution of a request would interfere with an ongoing criminal investigation or proceeding in that State, it may postpone execution, or make execution subject to conditions determined to be necessary after consultations with the Central Authority of the Requesting State. If the Requesting State accepts the assistance subject to the conditions, it shall comply with the conditions.---------

5. The Requested State shall use its best efforts to keep confidential a request and its contents, if such confidentiality is requested by the Central Authority of the Requesting State. If the request cannot be executed without breaching the requested confidentiality, the Central Authority of the Requested State shall so inform the Central Authority of the Requesting State, which shall then determine whether the request should nevertheless be executed.------------------------------------------------------------------------------

6. The Central Authority of the Requested State shall respond to reasonable inquiries by the Central Authority of the Requested State concerning progress toward execution of the request.--------------------------------------------------

7. The Central Authority of the Requested State shall promptly inform the Central Authority of the Requesting State of the outcome of the execution of the request. If the request is not executed, the Central Authority of the Requesting State of the reasons for the failure to execute. -------------------------

**Article 6 – Costs**----------------------------------------------------------------

ANDRO BREA
PÚBLICO
IGLÉS
APITAL FEDERAL
B.A. Nº 6287



The Requested State shall pay all costs relating to the execution of the request, except for the fees of expert witnesses, the costs of translation and transcription, and the fees and expenses related to travel of persons pursuant to Articles 10 and 11, which fees and expenses shall be paid by the Requesting State. ------

**Article 7 – Limitations on Use** ------

1. The Requesting State shall not use any information or evidence obtained under this Treaty in any investigation, prosecution, or proceeding other than that described in the request, without the prior consent of the Requested State. ------

2. The Central Authority of the Requested State may request that information or evidence furnished under this Treaty be kept confidential in accordance with conditions which its Central Authority shall specify. In that case, the Requesting State shall use its best efforts to comply with the conditions specified. ------

3. Information or evidence which has been made public as a result of the investigation, prosecution or proceeding in the Requesting State in accordance with paragraph 1 or 2 may thereafter be used for any purpose. ---

**Article 8 – Taking Testimony and Evidence in the Requested State** ------

1. A person in the Requested State from whom evidence is requested pursuant to this Treaty shall be compelled, if necessary, to appear and testify or produce documents, records, or articles of evidence. ------

2. Upon request, the Central Authority of the Requested State shall furnish information in advance about the date and place of the taking of the testimony or evidence pursuant to this article. ------

3. The Requested State shall authorize the presence of such persons as specified in the request during the execution of the request, and shall allow such persons to present questions in accordance with the laws of the Requested State. ------

4. If the person referred to in paragraph 1 asserts a claim of immunity, incapacity, or privilege under the laws of the Requesting State, the testimony or evidence shall nonetheless be taken and the claim made known to the Central Authority of the Requesting State for resolution by the authorities of that State. ------

5. Documents, records, and articles of evidence produced in the Requested State, or which are the subject of testimony taken under this article, may be authenticated by an attestation. In the case of business records, authentication shall be made in the manner indicated in Form A appended to this Treaty. Documents authenticated by Form A shall be admissible in evidence in the Requesting State as proof of the truth of the matters set forth therein. ------

**Article 9 – Records of Government Agencies** ------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
CRIP. C.T.P.C.B.A. Nº 6287

37

  
ALBERTO ALEJ
TRADUCTOI
IDIOMA I
MAT. T° XVII F° 136
INSCRIP. C.T.P.

------------------------------------------------------------
1. Upon request, the Requested State shall provide the Requesting State with copies of publicly available documents, records, or information in the possession of government departments and agencies in the Requested State.

2. The Requested State may provide copies of any documents, records, or information which are in the possession of a government department or agency in that State but which are not publicly available, to the same extent and under the same conditions as it would be available to its own law enforcement or judicial authorities. The Requested State may in its discretion deny a request pursuant to this paragraph entirely or in part. ------------------------

3. Official records produced pursuant to this Article may be authenticated under the provisions of the Convention Abolishing the Requirement of Legalization for Foreign Public Documents dated 5 October 1961 and, if that Convention is not applicable, by the official in charge of maintaining them through the use of Form 8 appended to this Treaty. No further authentication shall be necessary. Documents authenticated under this paragraph shall be admissible in evidence in the Requesting State. -----------------------------

**Article 10 – Testimony in the Requesting State**------------------------------
------------------------------------------------------------
When the Requesting State requests the appearance of a person in that State, the Requested State shall invite the person to appear before the appropriate authority in the Requesting State. The Requesting State shall indicate the extent to which the expenses will be paid. The Central Authority of the Requested State shall promptly inform the Central Authority of the Requesting State of the response of the person. ------------------------------
------------------------------------------------------------



**Article 11 – Transfer of Persons in Custody**------------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

------------------------------------------------------------
1. A person in the custody of the Requested State whose presence in the Requesting State is needed for purposes of assistance under this Treaty shall be transferred from the Requested State for that purpose if both the person and the Central Authority of the Requested State consent to the transfer.-------

2. A person in the custody of the Requesting State whose presence in the Requested State is needed for purposes of assistance under this Treaty may be transferred to the Requested State if the person consents and if the Central Authorities of both States agree. -------------------------------

3. For purposes of this Article: ------------------------------------------------

a) the receiving State shall have the authority and the obligation to keep the person transferred in custody unless otherwise authorized by the sending State;------------------------------------------------------------

b) the receiving State shall return the person transferred to the custody of the sending State as soon as circumstances permit or as otherwise agreed by both Central Authorities; ------------------------------------------------

c) the receiving State shall not require the sending State to initiate extradition proceedings for the return of the person transferred; and ---------------------
------------------------------------------------------------



d) the person transferred shall receive credit for service of any sentence imposed in the sending State for the time served in the custody of the receiving State. ------------------------------------------------------------------

**Article 12 – Location or Identification of Persons** ------------------------------

The Requested State shall use its best efforts to ascertain the location or identity of persons specified in the request.---------------------------------------------

**Article 13 – Service of Documents** ---------------------------------------------------

1. The Requested State shall use its best efforts to effect service of any documents relating to or forming part of any request for assistance made by the Requesting State under the provisions of this Treaty.----------------------------

2. The Requesting State shall transmit any request for the service of a document requiring the appearance of a person before an authority in the Requesting State a reasonable time before the scheduled appearance.---------

3. The Requested State shall return a proof of service in the manner specified in the Request.------------------------------------------------------------------------

**Article 14 – Search and Seizure** ---------------------------------------------------

1. The Requested State shall execute a request for the search, seizure and delivery to the Requesting State of any document, record, or article, if the request includes the information justifying such action under the laws of the Requested State.-----------------------------------------------------------------------

2. Upon request, every official who has custody of a seized article shall certify, through the use of Form C appended to this Treaty, the continuity of custody, the identity of the article, and the integrity of the condition. No further certification shall be required. The certificates shall be admissible in evidence in the Requesting State as proof of the truth of the matters set forth therein.---

3. The Central Authority of the Requested State may require that the Requesting State agree to terms and conditions deemed necessary to protect third party interests in the document, record, or article to be transferred.--------

**Article 15 – Return of Documents, Records and Articles of Evidence**------

The Central Authority of the Requesting State shall return any documents, records, or articles of evidence furnished to it in execution of a request under this Treaty as soon as possible unless the Central Authority of the Requested State waives their return.------------------------------------------------------------

**Article 16 – Assistance in Forfeiture Proceedings**---------------------------------

1. If the Central Authority of one Party becomes aware of fruits or instrumentalities of offenses which are located in the territory of the other Party and may be forfeitable or otherwise subject to seizure under the laws of that State, it may so inform the Central Authority of the other Party. If that other Party has jurisdiction in this regard it may present this information to its authorities for a determination whether any action is appropriate. These

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287



authorities shall issue their decision in accordance with the laws of their country, and shall, through their Central Authority, report to the other Party on the outcome of the decision.---------------------------------------------------

2. The Contracting Parties shall assist each other to the extent permitted by their respective laws in proceedings relating to the forfeiture of the fruits and instrumentalities of offenses, restitution to the victims of crime, as well as the collection of fines imposed by judicial order. -------------------------

3. A Requested Party in control of forfeited assets shall dispose of them in accordance with its law. To the extent permitted by its laws and upon such terms as it considers reasonable, either Party may transfer forfeited assets or the proceeds of their sale to the other Party.-----------------------------

**Article 17 – Compatibility with other Treaties, Agreements, or Arrangements** ----------------------------------------------------

Assistance and procedures set forth in this Treaties shall not prevent either Contracting Party from granting assistance to the other Party through the provisions of other international agreements to which it may be a party, or through the provisions of its national laws. The Parties may also provide assistance pursuant to any bilateral arrangement, agreement, or practice which may be applicable. ------------------------------------------

**Article 18 – Consultation** -----------------------------------------------

The Central Authorities of the Contracting Parties shall consult, at times mutually agreed to by them, to enable the most effective use to be made of this Treaty.------------------------------------------------------

**Article 19 – Ratification, Entry into Force, and Termination** --------------------

1. This Treaty shall be subject to ratification, and the instruments of ratification shall be exchanged at Washington, D.C. as soon as possible.-------

2. This Treaty shall enter into force upon the exchange of instruments of ratification. --------------------------------------------------------

3. Either Party may terminate this Treaty by means of written notice to the other Party. Termination shall take effect six months following the date of notification. -------------------------------------------------------

Done in Buenos Aires, this 4 th day of December, 1990, in two originals, in the English and Spanish languages, both texts being equally authentic.---------

For the Government of the Argentine Republic: [blank space] ------------------
For the Government of the United States of America: [blank space] -------------

**FORM A**-------------------------------------------------------------

**Certificate of Authenticity of Business Records**-----------------------------



JDRO BREA
ÚBLICO
iLÉS
PITAL FEDERAL
3.A. Nº 6287

I, (name), attest on penalty of criminal punishment for false statement or false attestation, that I am employed by (name of business from which documents are sought) and that my official title is (official title). --------------------------------

I further state that:--------------------------------------------------------------------

A) such records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters; --------------------------------------------------------

B) such records were kept in the course of a regularly conducted business activity; --------------------------------------------------------------------------------------

C) the business activity made such records as a regular practice; and ----------

D) if such record is not the original, such record is a duplicate of the original. ----------------------------------------------------------------------------------

Signature: [blank space]. Date: [blank space]--------------------------------------

Sworn to or affirmed before me, (name), a (Judge, Magistrate, Commissioner of the Court), this (day) day of (month), (year). --------------------------------------

**FORM B** --------------------------------------------------------------------------------

**Attestation of Authenticity of Foreign Public Documents** ----------------------

I, (name), attest on penalty of criminal punishment for false statement or false attestation, that my position with the Government of (country) is (official title), and that in that position I am authorized by law of (country) to attest that the documents attached and described below are true and accurate copies of original official records which are recorded or filed in (name of office or agency), which is a government office or agency of the Government of (country). --------------------------------------------------------------------------------

Description of Documents: [blank space]----------------------------------------------

[blank space] (signature) --------------------------------------------------------------
[blank space] (title) --------------------------------------------------------------------
[blank space] (date) --------------------------------------------------------------------

**FORM C** --------------------------------------------------------------------------------

**Attestation with Respect to Seized Articles**------------------------------------------

I, (name), attest on penalty of criminal punishment for false statement or false attestation, that my position with the Government of (country) is (title). I received custody of the articles listed below from (name of person) on (date), at (place) in the same condition as when I received them (or, if different, as noted below). --------------------------------------------------------------------------

Description of Articles: [blank space] ------------------------------------------------

Changes in Condition while in my custody: [blank space]------------------------------
---------------------------------------------------------------------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
NSCRIP. C.T.P.C.B.A. Nº 6287

41

Official Seal: [blank space] ------------------------------------------------------------------
--------------------------------------------------------------------------------------------------

Description of Documents: [blank space] ------------------------------------------------
--------------------------------------------------------------------------------------------------

[blank space] (signature)-------------------------------------------------------------------
[blank space] (title) ------------------------------------------------------------------------
[blank space] (place) ------------------------------------------------------------------------
[blank space] (date) -------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

42



JANDRO BREA
)R PÚBLICO
INGLÉS
CAPITAL FEDERAL
.C.B.A. Nº 6287

**Section 172 of the Argentine Penal Code**------------------------------------------
----------------------------------------------------------------------------------------

Whoever defrauds another by using an untrue name, pretended capacity, false titles, untrue influence, abuse of trust, or by pretended property, credit, commission, business or negotiation, or by any other ruse or trickery, shall be punished by one month to six years of imprisonment. -------------------------------

**Section 196 of the Argentine National Code of Penal Procedure (Law No. 24,121)** --------------------------------------------------------------------------------
----------------------------------------------------------------------------------------

The Criminal Investigation Court may determine that the Prosecutor's Office shall lead the investigation of any criminal offence subject to prosecution by public authority initiative, with observance of the rules in Part II of this Title. ---

In cases where the Prosecutor's Office first receives a report of a criminal offence subject to prosecution by public authority initiative, or where the criminal action is instituted by initiative thereof, the Prosecutor shall make the Criminal Investigation Court immediately aware thereof, take any indispensable investigative action, and, as the case may be, request the Criminal Investigation Court to hear the accused under Part II of this Title, whereupon the Investigation Court shall immediately decide if it conducts the investigation, or if the investigation will be continued by the Prosecutor's Office. ------------------------------------------------------------------------------------

A court having competent jurisdiction in Correctional, Economic Criminal or Juvenile Matters, or Federal Criminal and Correctional Matters in the Federal Capital, and a federal court with venue in a province, shall have the same power granted to a Criminal Investigation Court under the first paragraph of this section. --------------------------------------------------------------------------------------

**I hereby certify that the foregoing is a true translation into English of the attached document in Spanish.** ----------------------------------------------------------
**Below is a text written exclusively for purposes of authentication in Buenos Aires, Argentina.** ------------------------------------------------------------------
**Buenos Aires, August 21, 2013** ------------------------------------------------------
----------------------------------------------------------------------------------------

**Es traducción fiel al idioma inglés del documento adjunto en idioma castellano.**-------------------------------------------------------------------------------
**Buenos Aires, 21 de agosto de 2013.**-----------------------------------------------
----------------------------------------------------------------------------------------

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
~ Tº XVII Fº 138 CAPITAL FEDERAL
~ PIP, C.T.P.C.B.A. Nº 6287

43

*Ministerio Público de la Nación*

Al Sr. Juez con competencia en Materia Penal que por turno corresponda de la ciudad de Miami, Estado de Florida, Estados Unidos de Norteamérica De la Dra. Betina I. M. Vota, titular de la Fiscalía Nacional en lo Criminal de Instrucción nro. 38, con asiento en la calle Tucumán 966, piso 2do de la Ciudad Autónoma de Buenos Aires, Capital de la República Argentina.

**Saluda - Exhorta y Hace Saber:** Que por ante esta Fiscalía en lo Criminal y Correccional de Instrucción N°38, tramita la causa N°14.892/2011, caratulada "Deleglise, Alberto y otros s/Estafa", en el marco de la cual se ha dispuesto librar la presente rogatoria al Sr. Juez con competencia en Materia Penal que por turno corresponda en la ciudad de Miami, rogando y exhortando su cumplimiento conforme lo previsto en la Convención Interamericana sobre Asistencia Mutua en Materia Penal y ofreciendo reciprocidad en casos análogos, a fin de solicitar tenga a bien disponer lo necesario para el cumplimiento de la medida que más adelante se detalla:----------------------------------------------------------------------------

**1.-) HECHOS QUE SE INVESTIGAN:** La causa en el marco de la cual me dirijo, fue iniciada en virtud de la denuncia efectuada el día 26 de abril del corriente año por Mauro Claudio Leiser y Silvina Lorena Leiser ante la Oficina de Turnos y Sorteos de la Cámara Nacional de Apelaciones en lo Criminal y Correccional de la Capital Federal, quienes manifestaron que le imputaban a Alberto Deleglise, contador Público, la comisión de los delitos de estafa y falsificación. Al respecto, los denunciantes indicaron que su padre, Arturo Leiser, había fallecido en el mes de junio de 2010, siendo que el mismo poseía desde hacía años, en forma individual y conjuntamente con su madre, Betty Szlachter, diferentes cuentas corrientes y de inversiones en el exterior del país, utilizando para ello, principalmente, los servicios del banco denominado "UBS" (Unión de Banco Suizos), sucursal Nueva York, Estados Unidos de Norteamérica, entre otras entidades, tales como "Lehman Brothers" y "Hapoalin Bank". Explicaron que los movimientos de los fondos depositados en la cuenta del "UBS", abierta a nombre de su padre, y con la modalidad de orden recíproca con su madre, eran manejados por Leiser, de las diferentes maneras autorizadas por la entidad bancaria en cuestión, siendo una de ellas la vía telefónica, habida cuenta no sólo de la confianza existente entre la entidad y su cliente, sino también porque "a posteriori" de cualquier orden, la misma era ratificada por la vía usual pactada con el Banco y los oficiales de crédito e inversiones que se ocupaban de dichas transacciones (entre ellos, faxes conteniendo los mandatos específicos, la fecha y la cantidad de dinero a transferir, además de la entidad bancaria o financiera, en su caso, a la cual ordenaban remitir los fondos en cada supuesto). Agregaron que antes de la fecha del fallecimiento de su padre, Alberto Deleglise, apoderado general ///

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

/// de Curtiembre ARLEI SA, sociedad que presidía su padre "...siguiendo los dictados de su codicia o impulsado por los de otra u otras personas de su entorno más íntimo y/o profesional y aprovechándose del profundo conocimiento del contenido de los capitales e inversiones existentes en el exterior en forma de depósitos de dinero en el Banco "UBS" de la Ciudad de Nueva York y las formas usuales de las órdenes por medio de las cuales se concretaban las extracciones ya apuntadas, valiéndose del ardid de imitar la voz de su cliente y asesorado, don Arturo Leiser, logró la transferencia de varios millones de dólares de la cuenta de mi padre en la mencionada entidad bancaria, desviándola hasta donde sabemos en su provecho y desconociendo su puntual destino, es decir, sin saber hasta el día de hoy los bancos o entidades financieras del exterior que recibieron las sumas involucradas". Asimismo, los denunciantes refirieron que no descartaban que el Banco UBS haya solicitado una confirmación por escrito, suscripta por Leiser, para realizar las mentadas transferencias de dinero, por lo que en ese caso el imputado también habría cometido el delito de falsificación. Respecto a Curtiembre ARLEI S.A los denunciantes manifestaron que dicha empresa era presidida por su padre, siendo que en ella también trabajaban sus hermanos Viviana Cynthia Leiser, apoderada de la firma, y Alan Eric Leiser, Vicepresidente o Director, y su madre Betty Szlachter, quien actualmente es la Presidente de la empresa. Posteriormente, Mauro y Silvina Leiser denunciaron que la fábrica de la firma en cuestión, sita en Lanús Provincia de Buenos Aires "había sido desmantelada", instalando las oficinas en la calle Maipú 757, piso 10° de esta Ciudad. Luego se acumuló la causa nro. 23.608/2011 caratulada "Szlachter Betty y Curtiembres Arlei s/ Estafa Dte. Leiser Mauro y Leiser Silvina Lorena" del registro del Juzgado Nacional en lo Criminal de Instrucción N° 16, Secretaría N° 111, iniciada a raíz de la denuncia efectuada por Mauro y Silvina Leiser contra su madre Betty Szlachter por haber omitido denunciar como parte del activo sucesorio la propiedad denominada CAMELOT, ubicada en la Ciudad e Punta del Este, Partido de Maldonado, República Oriental del Uruguay, más precisamente en la parada 24 (sobre Playa Brava) del paraje denominado "Rincón del Indio". Al respecto explicaron que dicha propiedad pertenecía a sus padres, Arturo Leiser y Betty Szlachter, en calidad de bien ganancial, siendo luego vendida a la sociedad denominada "TABASCO S.A" creada en la República Oriental del Uruguay de acuerdo a lo establecido por la Ley 17.904 de dicho país, la cual se encontraría presidida por la Sra.Szlachter. Que la aludida propiedad fue puesta en venta por lo que se solicitó una medida cautelar ante el Juzgado Civil N° 29, a fin de frenar dicha operación, siendo contestado por la otra parte que TABASCO S.A no pertenecía a la familia Leiser/ Szlachter ni a CURTIEMBRE ARLEI S.A. Refirieron que la medida cautelar no fue otorgada porque si bien la Jueza consideró acreditado el peligro en la demora, por ser una sociedad, no consideró acreditada la verosimilitud en el derecho. Asimismo, respecto al hecho imputado a Deleglise, en///

2

*Ministerio Público de la Nación*

///dicha oportunidad la denunciante manifestó que desconocía a qué cuentas había sido transferido el dinero, pero que una de las cuentas desde las cuales se transfirió se encontraba a nombre de una empresa denominada "NESTIR", la cual pertenecía a sus padres, mientras que las otras cuentas estarían a nombre de sus padres en forma personal, encontrándose ambos autorizados a realizar transferencias u operaciones de las características a las denunciadas, por lo que refirió que era posible que luego de que Deleglise ordenara las transferencias en forma telefónica, su madre haya enviado por fax a las entidades bancarias donde se encontraban las cuentas, una ratificación de dichas operaciones. Asimismo, los denunciantes denunciaron nuevos hechos, entre ellos que su madre habría iniciado la sucesión de su padre ante el condado de Nueva York Estados Unidos de Norteamérica. Al respecto, explicaron que su padre tenía dos departamentos en el Estado de Nueva York, uno ubicado en la calle ▉▉▉▉▉ th ▉▉▉▉▉ y el otro en ▉▉▉▉▉▉▉▉▉▉▉▉, siendo que los mismos revestían carácter de gananciales, es decir pertenecían a su padre y a su madre. Que la apertura de la sucesión de Arturo Leiser en los Estados Unidos de Norteamérica, los perjudicaría tanto a ellos como a los acreedores de CURTIEMBRE ARLEI S.A, debido a que su madre fue designada como Administradora de los bienes y créditos de su padre en dicho Estado; siendo que también podría evadir el fisco. Agregaron que era evidente la conducta ilícita de Szlachter, toda vez que al abrir la mentada sucesión en dicho país, aportó domicilios erróneos respecto a los denunciantes, ello a fin de que no sean notificados. Asimismo, Silvina y Mauro Leiser denunciaron que en fecha 27 de abril de 2011 se había aprobado en forma ilegal el balance general correspondiente al ejercicio comercial N° 32, finalizado el 31 de diciembre de 2011. Que el balance en cuestión sólo había sido aprobado por Szlachter, quien votó por sí debido a su 50% de capital, y en calidad de "administradora de hecho de la sucesión de Arturo Leiser" (quien poseía el otro 50% del capital social emitido) dándole al acto en cuestión (aprobación del balance genera) el carácter de unánime, cuando en realidad hasta el momento no se había nombrado a ningún administrador de la sucesión, debido a que el expediente se encontraba en la C.S.J.N a fin de que se resuelva la contienda de competencia planteada. Asimismo, refirieron que de dicho ejercicio económico surgía que CURTIEMBRE ARLEI S.A había solicitado un crédito al HSBC Bank Inter Miami, el cual no figuraba en el ejercicio económico anterior, lo cual era llamativo por tratarse de un préstamo de U\$S 24.193.000.00 (veinticuatro millones ciento noventa y tres mil dólares), el cual había sido aprobado sin dar detalle alguno respecto de su forma de financiamiento, plazo pactado para su devolución, tasa de interés pactada, ni respecto de quién había firmado la documentación pertinente en representación de///

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

3

/// CURTIEMBRE ARLEI S.A. Agregaron que se trataba de un crédito prendario y tampoco se especificaba en el ejercicio económico N° 32 sobre que bienes era la prenda, siendo que además el auditor no había dado detalle alguno respecto del mismo. Que consideraban que se trataba de una maniobra denominada "BACK TO BACK" o "autopréstamo", es decir, la misma empresa es la que se presta el dinero de manera encubierta, a través de un tercero, con el fin de producir un vaciamiento de los fondos de la misma. Explicaron los denunciantes que dicha maniobra consiste en transferir el dinero de las cuentas pertenecientes a CURTIEMBRE ARLEI S.A y de otras a nombre de su padre a una sociedad a nombre de un tercero, que será el acreedor del préstamo solicitado por CURTIEMBRE ARLEI S.A al HSBC Bank Inter-Miami, por lo que los U$S 24.193.000.00 deberán ser devueltos a dicha empresa creada con fondos que originariamente pertenecían a CURTIEMBRE ARLEI S.A, es decir con fondos propios, y luego la suma en cuestión será devuelta a dicha empresa fantasma, logrando sacar la misma del acervo hereditario, lo cual le produciría un grave perjuicio a los denunciantes, como así también al resto de los herederos y a los acreedores de CURTIEMBRE ARLEI S.A.----------------------------------------------

2) **PARTES INTERVINIENTES:** A los fines que correspondan, hago saber a usted que en el legajo en el cual me dirijo resultan imputados: **BETTY SZLACHTER DE LEISER**, titular del DNI nro. 93.857.684, de nacionalidad chilena, nacida el ▆▆▆; de ▆▆ con domicilio constituido en la calle ▆▆▆, de esta Ciudad, **VIVIANA CYNTHIA LEISER**, titular del DNI nro. ▆▆▆, de nacionalidad argentina, nacida el ▆▆▆ de ▆▆, con último domicilio en la calle ▆▆▆ de esta Ciudad, **ALAN ERIC LEISER**, titular del DNI nro. 25.704.753, de nacionalidad argentina, nacido el 11 de diciembre de 1976, con último domicilio en la calle 3 de Febrero 1777 de esta Ciudad, y **ALBERTO DELEGLISE**, de profesión contador público, con domicilio en Ruta 52 m, Km 3,5 Canning Provincia de Buenos Aires, constituyendo domicilio en la calle Cerrito 1294, piso 10° de esta Ciudad.----------

3) **NORMATIVA APLICABLE:** A tal efecto, se acompañan fotocopias certificadas de la Ley 24.767 de COOPERACIÓN INTERNACIONAL EN MATERIA PENAL, sancionada el 18 de diciembre de 1996 y promulgada el 13 de enero de 1997 y de la Ley 24.034 "Tratado de Asistencia Jurídica Mutua en Asuntos Penales entre el Gobierno de la República Argentina y el Gobierno de los Estados Unidos de America". Esta última norma prevé y regula un sistema de asistencia jurídica mutua entre los gobiernos de la República Argentina y de los Estados Unidos de América con la finalidad, expresamente establecida, de mejorar la eficacia de ambos países en la prevención, investigación y enjuiciamiento de delitos mediante la cooperación y la asistencia jurídica. Determina en qué puede ///

4

ALEJANDRO BRÉA
CTOR PÚBLICO
MA INGLÉS
136 CAPITAL FEDERAL
.T.P.C.B.A. Nº 6287

**Ministerio Público de la Nación**

/// consistir la cooperación, la que comprende, entre otras, la facilitación de documentos, expedientes y elementos de prueba. Fue sancionada el 27 de noviembre de 1991 y promulgada el 20 de diciembre de 1991. Por otra parte, el delito que de tales hechos resulta, en principio, podría ser el de estafa (arts. 172 del Código Penal de la Nación) sin perjuicio de lo que en definitiva corresponda conforme el tramite de la causa, ya que restan medidas de prueba por realizar. Hasta el momento no se ha dictado auto de mérito respecto de persona alguna que requiera tal definición, de acuerdo al ordenamiento nacional en la materia. Del mismo modo, pongo en su conocimiento que las normas procesales, de carácter local según el ordenamiento jurídico de la República Argentina, facultan a que las causas donde no se encuentra identificado el autor sean tramitadas directamente por los Fiscales, quienes de esta forma nos hallamos habilitados a llevar adelante las medidas de prueba que consideremos de utilidad, aunque con las limitaciones que expresamente se contemplan (art. 196 del Código Procesal Penal de la Nación).----------------------------------------------------------------------------------

4.-) **MEDIDA SOLICITADA:** Por lo expuesto, solicito al Sr. Juez con competencia en Materia Penal que por turno corresponda en la ciudad de Miami, Estados Unidos de América, que disponga las medidas necesarias a fin de que el Titular del HSBC Private Bank International, ubicado en 1441 Brickell Avenue, 17 th Floor Miami, Florida 33131, informe si registra cuentas a nombre de la firma CURTIEMBRE ARLEI S.A y/o de Arturo Leiser (DNI ████████), debiendo remitir copias certificadas de la documentación que corresponda a la apertura de las mismas, como así también del registro de firmas que posea y de los resúmenes correspondientes a las mismas desde su apertura hasta la fecha. Asimismo, informe si a CURTIEMBRE ARLEI S.A y/o a Arturo Leiser se les ha otorgado préstamo financiero alguno, debiendo especificar en su caso en qué fecha, por qué monto, en qué cuenta se depositó él o los préstamos, qué bienes fueron dados en garantía, cuál fue la tasa de interés convenida, qué forma de pago de la deuda del capital y de los intereses se pactó y si se ha efectuado la cancelación total o parcial de los mismos, debiendo remitir copias certificadas de la totalidad de documentación que guarde relación con dicha operatoria y un resumen del mismo.-

**Transcribo el correspondiente recaudo legal obrante en la causa en que me dirijo a fs. 1057/1058:** *"///nos Aires, 10 de julio de 2013...III) En atención a las constancias obrantes en estas actuaciones líbrese exhorto diplomático al Sr. Juez Penal que por turno corresponda de la Ciudad de Miami, Estado de Florida, Estados Unidos de Norteamérica, solicitándole que, de conformidad con lo establecido en los arts. 79 y 80 de la ley 24.767 "Ley de Cooperación Internacional en Materia Penal" y en la ley 24.034 "Tratado de Asistencia Jurídica Mutua en Asuntos Penales entre el Gobierno de la República Argentina y el Gobierno de los Estados Unidos de America", cuyas fotocopias se adjuntan,///*

ALBERTO ALEJANDRO BRÉA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tª XVII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

5

ALBERTO ALEJ/
TRADUCTOR
IDIOMA II
MAT. Tº XVII Fº 136 (
INSCRIP. C.T.P.(

/// *disponga las medidas necesarias a fin de que el Titular del HSBC Private Bank Inter-national, ubicado en 1441 Brickell Avenue, 17 th Floor Miami, Florida 33131, informe si registra cuentas a nombre de la firma CURTIEMBRE ARLEI S.A y/o de Arturo Leiser (DNI 93.857.683), debiendo remitir copias certificadas de la documentación que corresponda a la apertura de las mismas, como así también del registro de firmas que posea y de los resú-menes correspondientes a las mismas desde su apertura hasta la fecha. Asimismo, informe si a CURTIEMBRE ARLEI S.A y/o a Arturo Leiser se les ha otorgado préstamo financiero alguno, debiendo especificar en su caso en qué fecha, por qué monto, en qué cuenta se depositó él o los préstamos, qué bienes fueron dados en garantía, cuál fue la tasa de interés convenida, qué forma de pago de la deuda del capital y de los intereses se pactó y si se ha efectuado la cancelación total o parcial de los mismos, debiendo remitir copias certificadas de la totalidad de documentación que guarde relación con dicha operatoria y un resumen del mismo.-"* **Fdo:** *Betina I. M Vota, Fiscal.* **Ante mí:** *Angeles Gómez Maiorano, Secretaria".*------------------
Dado, sellado y firmado en la sala de mi público despacho en la Ciudad de Buenos Aires, a los diez días del mes de julio de 2013.------------------------------------

ANGELES M. GOMEZ MAIORANO

BETINA I. M. VOTA
Fiscal

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

6

.NDRO BREA
PÚBLICO
IGLÉS
APITAL FEDERAL
.B.A. Nº 6287



**LEY DE COOPERACION INTERNACIONAL EN MATERIA PENAL**

**Ley 24.767**

**Disposiciones Generales. Extradición. Asistencia en la investigación y juzgamiento de delitos. Cumplimiento de condenas. Competencia. Disposiciones Transitorias y de Forma.**

**Sancionada: Diciembre 18 de 1996.**

**Promulgada de Hecho: Enero 13 de 1997.**

El Senado y Cámara de Diputados de la Nación Argentina reunidos en Congreso. etc., sancionan con fuerza de Ley:

**LEY DE COOPERACION INTERNACIONAL EN MATERIA PENAL**

PARTE I

DISPOSICIONES GENERALES

**ARTICULO 1°.-**La República Argentina prestará a cualquier Estado que lo requiera la más amplia ayuda relacionada con la investigación ,el juzgamiento y la punición de delitos que correspondan a la jurisdicción de aquél.

Las autoridades que intervengan actuarán con la mayor diligencia para que la tramitación se cumpla con una prontitud que no desnaturalice la ayuda.

**ARTICULO 2°.-**Si existiera un tratado entre el Estado requirente y la República Argentina, sus normas regirán el trámite de la ayuda.

Sin perjuicio de ello, las normas de la presente ley servirán para interpretar el texto de los tratados.

En todo lo que no disponga en especial el tratado, se aplicara la presente ley.

**ARTICULO 3°.-**En ausencia de tratado que la prescriba, la ayuda estará subordinada a la existencia u ofrecimiento de reciprocidad.

**ARTICULO 4°.-**Las solicitudes y demás documentos que con ella se envíen, se presentarán traducidas al español.

La documentación remitida por vía diplomática no requerirá legalización.

La presentación en forma de los documentos hará presumir la veracidad de su contenido y la validez de las actuaciones a que se refieran.

*(Nota Infoleg: Por art. 1° del Decreto N° 420/2003 B.O. 28/7/2003 se dispone la obligatoriedad del trámite judicial a las solicitudes requeridas en marco de la presente Ley, y por art. 2° de la misma norma se deja establecido que, verificado el cumplimiento de los requisitos formales y las condiciones del presente artículo instará judicialmente el trámite a través del Ministerio Público Fiscal en los términos de la ley citada.)*

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

ALBERTO ALE
TRADUCT
IDIOM
MAT. T° XVII P° 1:
INSCRIP. C.T

**ARTICULO 5°-**Para determinar la competencia del país requirente respecto del delito que motiva el requerimiento de ayuda, se estará a su propia legislación.

No constituirá obstáculo para brindar la ayuda, la circunstancia que el delito cayere también bajo la jurisdicción argentina.

Sin embargo, en caso que la ayuda consistiere en una extradición, la procedencia del pedido estará condicionada a lo dispuesto en el artículo 23.

PARTE II

EXTRADICION

TITULO I

Extradición pasiva

CAPITULO I

Condiciones generales

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII P° 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 8287

**ARTICULO 6°-**para que proceda la extradición de una persona, el hecho materia del proceso deberá constituir un delito que tanto en la ley argentina cuanto en la del Estado requirente tenga prevista una pena privativa de libertad con mínimo y máximo tales que su semisuma sea al menos de un año.

Si un Estado requiriese una extradición por varios delitos, bastará que uno de ellos cumpla con esta condición para que la extradición pueda ser concedida respecto de los restantes.

En caso que la extradición se solicitara para el cumplimiento de una pena, se requerirá, además. que la pena que faltare cumplir fuese no menor de un año de privación de libertad en el momento en que se presente la solicitud.

**ARTICULO 7°-**Si el delito estuviese previsto en leyes penales en blanco, el requisito de doble incriminación se satisfará en relación con ellas, aun cuando fueren diferentes las normas extrapenales que completen la descripción de la acción punible.

**ARTICULO 8°-**La extradición no procederá cuando:

a) El delito que la motiva fuese un delito político;

b) El delito que motiva la extradición fuese un delito previsto exclusivamente por la ley penal militar;  .

c) El proceso que la motiva fuese tramitado por una comisión especial de las prohibidas por el artículo 18 de la Constitución Nacional:

d) El proceso que motiva la extradición evidencie propósitos persecutorios por razón de las opiniones políticas, la nacionalidad, la raza, el o la religión de las personas involucradas o hubiese motivos fundados para suponer que esas razones pueden perjudicar el ejercicio del derecho de defensa en juicio:

JANDRO BREA
OR PÚBLICO
INGLÉS
8 CAPITAL FEDERAL
P.C.B.A. Nº 6287



e) Existan motivos fundados para suponer que el requerido pueda ser sometido a tortura u otros tratos o penas crueles, inhumanos o degradantes:

f) El delito por el que se solicita la extradición tuviere pena de muerte en el Estado requirente y éste no diere seguridades de que no será aplicable.

**ARTICULO 9°-**No se consideraran delitos políticos:

a) Los crímenes de guerra y los crímenes contra la humanidad:

b) Los atentados contra la vida, la integridad corporal o la libertad de un jefe de Estado o de gobierno, o de un miembro de su familia:

c) Los atentados contra la vida, la integridad corporal o la libertad de personal diplomático o de otras personas internacionalmente protegidas:

d) Los atentados contra la vida, la integridad corporal o la libertad de la población o del personal civil inocente no comprometido en la violencia generada por un conflicto armado:

e) Los delitos que atenten contra la seguridad de la aviación o la navegación civil o comercial:

f) Los actos de terrorismo:

g) Los delitos respecto de los cuales la República Argentina hubiera asumido una obligación convencional internacional de extraditar o enjuiciar.

**ARTICULO 10.-**Tampoco procederá la extradición cuando existan especiales razones de soberanía nacional, seguridad u orden públicos otros intereses esenciales para la Argentina, que tornen inconveniente el acogimiento del pedido.

**ARTICULO 11.-**La extradición no será concedida:

a) Si la acción penal o la pena se hubiesen extinguido según la ley del Estado requirente:

b) Cuando la persona reclamada ya hubiese sido juzgada, en la Argentina o cualquier otro país, por el hecho que motiva el pedido:

c) Cuando la persona reclamada habría sido considerada por la ley argentina como inimputable por razón de la edad si hubiese cometido el delito en la Argentina:

d) Cuando la condena se hubiese dictado en rebeldía y el Estado requirente no diese seguridades de que el caso se reabriría para oír al condenado, permitirle el ejercicio del derecho de defensa y dictar en consecuencia una nueva sentencia:

e) Si el Estado requirente no diere seguridades de que se computará el tiempo de privación de libertad que demande el trámite de extradición, como si el extraditado lo hubiese sufrido en el curso del proceso que motivó el requerimiento.

**ARTICULO 12.-**Si el requerido para la realización de un proceso fuese nacional argentino, podrá optar por ser juzgado por los tribunales argentinos, a no ser que fuere aplicable al caso un tratado que obligue a la extradición de nacionales.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVIII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

ALBERTO ALEJA
TRADUCTOR
IDIOMA IN
MAT. T° XVII F° 138 C.
INSCRIP. C.T.P.C

La calidad de nacional argentino deberá haber existido al momento de la comisión del hecho, y deberá subsistir al momento de la opción.

Si el nacional ejerciere esta opción, la extracción será denegada. El nacional será entonces juzgado en el país, según la ley penal argentina, siempre que el Estado requirente preste conformidad para ello, renunciando a su jurisdicción, y remita todos los antecedentes y pruebas que permitan el juzgamiento.

Si fuere aplicable al caso un tratado que falta de extradición de nacionales, el Poder Ejecutivo, en la oportunidad prevista en el artículo 36, resolverá si se hace o no lugar a la opción.

**ARTICULO 13.-**La solicitud de extradición de un imputado debe contener:

a) Una descripción clara del hecho delictivo, con referencias precisas acerca de la fecha, el lugar y circunstancias en que se cometió y sobre la identificación de la víctima;

ALBERTO ALEJANDRO
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 138 CAPITAL FEDER/
INSCRIP. C.T.P.C.B.A. N° 6287

b) La tipificación legal que corresponde al hecho:

c) Una explicación acerca del fundamento de la competencia de los tribunales del Estado requirente para juzgar el caso, así como de las razones por las cuales la acción penal no se encuentra extinguida.

d) Testimonio o fotocopia autenticada de la resolución judicial que dispuso la detención del procesado, con explicación de los motivos por los que se sospecha que la persona requerida habría tomado parte en el delito, y de la que ordenó el libramiento de la solicitud de extradición:

e) Texto de las normas penales y procesales aplicables al caso, en cuanto estén vinculados con los párrafos anteriores:

f) Todos los datos conocidos que identifiquen al reclamado, tales como nombre y apellido, sobrenombres, nacionalidad, fecha de nacimiento, estado civil, profesión u ocupación, señas particulares, fotografías e impresiones digitales, y la información que se tenga acerca de su domicilio o paradero en el territorio argentino.

**ARTICULO 14.-**La solicitud de extradición de un condenado se ajustará a lo dispuesto en el artículo anterior, con las siguientes particularidades:

a) Testimonio o fotocopia autenticada de la sentencia judicial que impuso la condena:

b) Atestación de que dicha sentencia no se dictó en rebeldía y se encuentra firme. Si la sentencia se hubiése dictado en rebeldía deberán darse las seguridades previstas en el artículo 11, inciso d):

e) Información acerca del cómputo de la pena que resta ser cumplida:

d) Explicación de las razones por las cuales la pena no se encuentra extinguida.

**ARTICULO 15.-**Si varios Estados requiriesen una extradición por el mismo delito, el gobierno establecerá la preferencia valorando, entre otras circunstancias pertinentes, las siguientes:

NDRO BREA
PÚBLICO
3LÉS
\PITAL FEDERAL
B.A. Nº 6287



a) La existencia de relaciones regidas por tratados de extradición:

b) Las fechas de las respectivas solicitudes, y en especial el progreso que en el tramite hubiese logrado alguna de ellas:

c) El hecho de que el delito se haya cometido en el territorio de alguno de los Estados requirentes:

d) Las facilidades que cada uno de ellos tenga de conseguir las pruebas del delito:

e) La ubicación del domicilio o de los negocios de la persona requerida, que le permitiría ejercitar su derecho de defensa con mayor garantía:

f) La nacionalidad de la persona requerida:

g) El hecho de que en el territorio de alguno de los Estados requirentes se domicilie la víctima interesada en el proceso;

h) Las posibilidades que cada requerimiento tenga de lograr la concesión de la extradición:

i) La circunstancia de que la clase y el monto de las penas sean coincidentes con la ley argentina, en especial que no se prevea la pena de muerte.

**ARTICULO 16.-** Si varios Estados reclamaren la misma persona por distintos delitos, el gobierno determinara la preferencia valorando, además, Las siguientes circunstancias:

a) La mayor gravedad de los delitos, según la ley argentina;

b) La posibilidad de que una vez concedida la extradición a uno de los Estados requirentes, éste pueda a su vez acceder luego a la reextradición de la persona reclamada hacia otro de tales Estados.

**ARTICULO 17.-**Sin perjuicio de la preferencia que el gobierno determine, podrá dar curso a más de un pedido.

En tal caso la concesión de una extradición preferida tendrá los efectos de una reextradición autorizada.

**ARTICULO 18.-**La persona extraditada no podrá ser encausada, perseguida ni molestada, sin previa autorización de la Argentina, por hechos anteriores y distintos a los constitutivos del delito por el que se concedió la extradición.

Si la calificación del hecho constitutivo del delito que motivó la extradición fuese posteriormente modificada en el curso del proceso en el Estado requirente, la acción no podrá proseguirse sino cuando la nueva calificación hubiese permitido la extradición.

La persona extraditada tampoco podrá ser reextraditada a otro Estado sin previa autorización otorgada por la Argentina.

No será necesaria ninguna de estas autorizaciones si el extraditado renuncia libre y expresamente a esta inmunidad, ante una autoridad diplomática o consular argentina y con patrocinio letrado.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
AT. Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

Tampoco serán necesarias cuando el extraditado, teniendo la posibilidad de hacerlo no abandonare voluntariamente el territorio del Estado requirente dentro de un plazo de treinta días corridos, o cuando regresare voluntariamente a ese territorio después de haberlo abandonado.

CAPITULO 2

Procedimiento

Sección 1

Trámite administrativo

**ARTICULO 19.-**La solicitud de extradición y toda otra documentación que se envíe posteriormente, deberá ser cursada por vía diplomática.

**ARTICULO 20.-**Si la persona requerida poseyera condición de refugiado y el pedido de extradición proviniera del país que motivó el refugio, el Ministerio de Relaciones Exteriores, Comercio Internacional y Culto procederá a devolver la requisitoria sin más tramite con explicación de los motivos que obstan a su diligenciamiento.

**ARTICULO 21.-**Si no se diera el caso del articulo anterior, el Ministerio de Relaciones Exteriores, Comercio Internacional y Culto dictaminará respecto de las condiciones previstas en los artículos 3° y 10, y sobre los requisitos formales del requerimiento.

En su caso recabará los documentos y datos faltantes reservando la actuación hasta que el Estado requirente subsane las falencias formales.

**ARTICULO 22.-**Cuando el Ministerio de Relaciones Exteriores, Comercio Internacional y Culto dictaminare dar curso al pedido, le dará tramite judicial a través del ministerio público fiscal.

Si dictaminare que el requerimiento no cumple con alguna condición de admisibilidad, el Poder Ejecutivo resolverá. En caso de que lo acogiere le dará curso. Si lo rechazare, devolverá el pedido al Estado requirente por la vía diplomática, con copia del decreto.

El Poder Ejecutivo podrá delegar esta decisión en el Ministerio de Relaciones Exteriores, Comercio Internacional y Culto.

**ARTICULO 23.-**En el caso previsto en el artículo 5°, último párrafo, el Poder Ejecutivo resolverá si le da o no curso al pedido.

Podrá darle curso cuando:

a) El delito por el que se requiere la extradición integre una conducta punible significativamente mas grave, que fuese de la competencia del estado requirente y ajena a la jurisdicción argentina:

b) Cuando el Estado requirente tuviese facilidades notoriamente mayores que la República Argentina para conseguir las pruebas del delito.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

EJANDRO BREA
TRADUCTOR PÚBLICO
IMA INGLES
38 CAPITAL FEDERAL
Y.P.C.B.A. Nº 6287

En caso que le diera curso y la extradición fuese finalmente concedida, se archivará el expediente que pudiera estar en trámite ante la justicia argentina.

Si el Estado requirente lo solicitare, le serán enviadas copias del expediente y las pruebas que se hubiesen colectado.

**ARTICULO 24.-**Las actuaciones del trámite administrativo reglamentado en este capitulo, tendrán carácter de reservadas.

**ARTICULO 25.-**El ministerio público fiscal representara en el trámite judicial el interés por la extradición.

Sin perjuicio de ello. el Estado requirente podrá Intervenir como parte en el trámite judicial por medio de apoderados.

El fiscal, cuando sea notificado de la concesión de un plazo otorgado por el juez para el cumplimiento de algún requisito a cargo del Estado requirente, deberá informarlo de inmediato a las autoridades diplomáticas o consulares de dicho Estado.

Sección 2

Trámite judicial

**ARTICULO 26.-**Recibido el pedido de extradición. el juez librará orden de detención de la persona requerida, si es que ya no se encontrare privada de su libertad.

En el tramite de extradición no son aplicables las normas referentes a la eximición de prisión o excarcelación, con excepción de los casos expresamente previstos en esta ley.

**ARTICULO 27.-**Dentro de las 24 horas de producida la detención, el Juez realizará una audiencia en la que:

a) Le informará al detenido sobre los nuevos de la detención y los detalles de la solicitud de extradición:

b) Invitaré al detenido a designar defensor entre los abogados de la matricula, y si no lo hiciere le designará de oficio a un defensor oficial, salvo que lo autorice a defenderse personalmente.

c) Dejará constancia de sus manifestaciones respecto del contenido de la solicitud de extradición:

d) Le preguntará si, previa consulta con su defensor, desea prestar conformidad a la extradición, informándole que de así hacerlo pondrá fin al trámite judicial. El detenido podrá reservarse la respuesta para más adelante.

Si el detenido no hablara el idioma nacional, el juez nombrará un interprete.

En caso que hubiera existido arresto provisorio previo al pedido de asistencia, el Juez deberá realizar esta audiencia dentro de las 24 horas de la recepción del pedido.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

ALBERTO ALEJA~
TRADUCTOR P~
IDIOMA ING
MAT. T° XVII F°-136 CA~
INSCRIP. C.T.P.C.~

**ARTICULO 28.-**En cualquier estado del proceso el requerido podrá dar su consentimiento libre y expreso a ser extraditado. El juez resolverá sin mas trámite.

La extradición, entonces, solo se concederá si el Estado requirente diere seguridades de que en caso que el requerido fuese declarado exento de responsabilidad en el hecho que motiva el pedido, le sufragará los gastos del inmediato viaje de regreso.

A ese fin el juez suspenderá el pronunciamiento y concederá un plazo, que no excederá de treinta días corridos, para que el Estado requirente dé tales seguridades.

ALBERTO ALEJANDRO BRI~
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 136 CAPITAL FEDER~
INSCRIP. C.T.P.C.B.A. N° 6287

El requerido podrá renunciar a esta indemnización: en tal caso la extradición se concederá sin espera alguna.

**ARTICULO 29.-**Si el juez comprobase que la persona detenida no es la requerida, así lo declarará previa vista al fiscal. En tal caso ordenará la captura de la persona correcta, si tuviera datos que permitiesen la búsqueda.

Esta resolución será susceptible del recurso de apelación ante la cámara federal que corresponda.

El recurso tendrá efecto suspensivo, pero el detenido será excarcelado bajo canción, previa vista al fiscal. El juez ordenara entonces la prohibición de salida del país del reclamado.

**ARTICULO 30.-**Si no se dieran los casos previstos en los dos artículos anteriores, el juez dispondrá la citación a juicio.

El juicio de extradición se llevará a cabo conforme a las reglas que para el juicio correccional establece el Código Procesal Penal de la Nación. El intervalo previsto en el artículo 359 de ese Código, no podrá ser mayor de quince (15) días.

En el juicio no se podrá discutir acerca de la existencia del hecho imputado o la culpabilidad del requerido, restringiéndose el debate a las condiciones exigidas por esta ley, con exclusión de las que surgen de los artículos 3°, 5° y 10.

**ARTICULO 31.-**Si, hasta el momento de dictar la sentencia, el juez advirtiera la falencia de requisitos de forma en el pedido, suspenderá el proceso y concederá un plazo, que no excederá de treinta días corridos, para que el Estado requirente la subsane.

**ARTICULO 32.-**El Juez resolverá si la extradición es o no procedente. En su caso también resolverá si es procedente la remisión de los objetos que se hubiesen secuestrado conforme lo permite el articulo 46.

Si resolviera que la extradición es procedente, la sentencia se limitará a declarar dicha procedencia. Si resolviera que no es procedente, la sentencia definitivamente decidirá que no se concede la extradición.

**ARTICULO 33.-**La sentencia será susceptible del recurso de apelación ordinario ante la Corte Suprema de Justicia de la Nación previsto por el artículo 24 inciso 6° b), del decreto ley 1285/58 ratificado por ley 14.467.

El recurso tendrá efecto suspensivo: pero si se hubiese denegado la extradición. el reclamado será excarcelado bajo canción, previa vista al fiscal. El juez ordenará entonces la prohibición

de salida del país del reclamado.

**ARTICULO 34.-**Una vez firme la sentencia, el tribunal enviará inmediatamente copia de ella al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto. Si hubiese declarado procedente la extradición, el tribunal también le remitirá al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto una copia del expediente completo.

Sección 3

Decisión final

**ARTICULO 35.-**Si el tribunal hubiese denegado la extradición, el Ministerio de Relaciones Internacional y Culto circunstancia al Estado requirente, con copia de la sentencia.

**ARTICULO 36.-**Sin perjuicio de que el tribunal hubiese declarado procedente la extradición, el Poder Ejecutivo resolverá su denegatoria si las circunstancias en ese momento hicieran aplicables las causas previstas en los artículos 3° y 10, o cuando haga lagar a la opción del nacional en el caso previsto por el último párrafo del artículo 12. El Poder ejecutivo podrá delegar esta facultad en el ministro de Relaciones Exteriores, Comercio Internacional y Culto.

La decisión deberá ser adoptada dentro de los diez días hábiles siguientes a la recepción de las actuaciones enviadas por el tribunal. Vencido ese plazo sin que se hubiese adoptado una decisión expresa, se entenderá que el Poder Ejecutivo ha concedido la extradición.

La decisión definitiva será comunicada de inmediato al Estado requirente por vía diplomática. En caso que se hubiese concedido la extradición, se insertarán en la comunicación los condicionamientos prescriptos por los artículos 8° inciso f), 11 inciso e) y 18, y se colocará a la persona reclamada a disposición del Estado requirente.

**ARTICULO 37.-**Decidida definitivamente la solicitud de extradición, no se dará curso a ningún nuevo pedido basado en el mismo hecho, salvo que no se hubiese accedido a la extradición en razón de la incompetencia del Estado requirente para entender en el delito que motivo el pedido.

En tal caso la extradición podrá ser nuevamente solicitada por otro Estado que se considere competente.

**ARTICULO 38.-**El Estado requirente deberá efectuar el traslado de la persona reclamada en un plazo de treinta días corridos a partir de la comunicación oficial.

El Ministerio de Relaciones Exteriores, Comercio Internacional y Culto podrá disponer una prórroga de diez días corridos, a pedido del Estado requirente, cuando este se viera imposibilitado de realizar el traslado en ese término.

Vencido el plazo sin que se hubiese efectuado e1 traslado, el requerido será puesto inmediatamente en libertad, y el Estado requirente no podrá reproducir la solicitud.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

ALBERTO ALEJAN
TRADUCTOR P
IDIOMA ING
MAT. T° XVII F° 136 CA
INSCRIP. C.T.P.C.E

**ARTICULO 39.-**La entrega se postergar en las siguientes situaciones:

a) Si el requerido se encontrare sometido a un proceso penal en trámite o cumpliendo efectivamente una pena privativa de libertad, hasta que el proceso termine o se cumpla la pena.

No obstante, el Poder ejecutivo podrá disponer la entrega inmediata cuando el delito por que se concedió la extradición fuese de una entidad significativamente mayor que el que obsta a la entrega, o cuando resultare que la postergación podría determinar la impunidad de reclamado en el Estado requirente:

b) Si el traslado resultare peligroso para la salud del requerido o de terceros a causa de un enfermedad, hasta que se supere ese riesgo.

CAPITULO 3

Entrega de objetos y documentos

ALBERTO ALEJANDRO BRI
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 136 CAPITAL F
INSCRIP. C.T.P.C.B.A. N° b.

**ARTICULO 40.-**La solicitud de extradición y, en su caso, de arresto provisorio, podrá extenderse al secuestro de objetos o documento que estén en poder de la persona requerida sean:

a) Elementos probatorios del delito;

b) Instrumentos del delito o efectos provenientes de él.

**ARTICULO 41.-**La entrega de estos objetos o documentos al Estado requirente, será ordenada por la resolución que conceda la extradición, en la medida que no afecte derechos de terceros.

**ARTICULO 42.-**La entrega se ordenara aun cuando la extradición no pudiera ser concedida a consecuencia de la muerte o la evasión de la persona reclamada.

CAPITULO 4

Gastos

**ARTICULO 43.-**Los gastos ocasionados por el transporte internacional de la persona reclamada y de los documentos u objetos secuestrándose, serán a cargo del Estado requirente. Los restantes correrán por cuenta de la República Argentina.

CAPITULO 5

Arresto provisorio

**ARTICULO 44.-**El arresto provisorio de una persona reclamada por las autoridades de un Estado extranjero será procedente:

a) Cuando haya sido solicitado formalmente por una autoridad del país interesado:

b) Cuando la persona pretenda entrar al país mientras es perseguida por la autoridad de un país limítrofe: o



c) Cuando la persona fuese reclamada por un tribunal de un país extranjero mediante avisos insertos en los boletines de la Organización Internacional de la Policía Criminal (Interpol).

**ARTICULO 45.-**En el caso del inciso a) del artículo anterior, La solicitud formal de arresto provisorio deberá ser remitida por la vía diplomática o por conducto de la Organización Internacional de la Policía Criminal (Interpol), y consignará:

a) Nombre del sujeto requerido, con todas las circunstancias personales que lo identifiquen y permitan encontrarlo en el país:

b) Fecha, lugar de comisión y calificación legal del hecho:

c) Si el requerido fuese un imputado, pena conminada para el hecho que motiva el pedido. Si fuera un condenado, monto de la pena impuesta en la condena firme que faltare cumplir;

d) La existencia de la orden Judicial de prisión:

e) El compromiso de solicitar formalmente la extradición.

**ARTICULO 46.-**La solicitud será remitida le inmediato al Juez federal competente, con aviso al fiscal que corresponda.

El Juez librara la orden de captura a no ser que prima facie no se cumplan las condiciones del artículo 6°, e informará de todo lo actuado al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto.

**ARTICULO 47.-**En el caso del artículo 44, inciso b), la fuerza pública destacada en los lugares de frontera deberá de inmediato poner al arrestado a disposición del juez federal competente, con aviso al fiscal que corresponda.

El juez inmediatamente informará al Ministerio de Relaciones Exteriores. Comercio Internacional y Culto.

La persona arrestada recuperará su libertad si en el término de dos días hábiles un funcionario diplomático o consular del país extranjero no requiriese el mantenimiento del arresto. El pedido será presentado directamente al juez, y deberá cumplir las condiciones prescriptas por el artículo 45. La presentación surtirá los efectos de la comunicación del arresto provisorio a los fines de lo dispuesto por el artículo 50.

**ARTICULO 48.-**En el caso del artículo 44 inciso c), los avisos deberán cumplir los requisitos previstos en el artículo 45.

El arrestado deberá ser puesto de inmediato a disposición del juez federal competente, con aviso al fiscal que corresponda e información al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto.

**ARTICULO 49.-**En todos los casos de arresto provisorio, el juez oirá a la persona arrestada dentro del término de 24 horas, y le designara defensor oficial si aquél no designara uno de confianza.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

ALBERTO ALEJANI
TRADUCTOR PÚ
IDIOMA INGL
MAT. T° XVII F° 138 CAPÍ
SCRIP. C.T.P.C.B.

El juez hará cesar el arresto si prima facie no estuviesen cumplidas las condiciones previstas en el artículo 60. Dispondrá entonces la prohibición de salida del país del requerido y su obligación de comunicar todo cambio de domicilio.

El arresto cesará asimismo en cuanto se comprobase que el arrestado no es la persona reclamada.

**ARTICULO 50.-**El arrestado será puesto de inmediato en libertad o cesarán las condiciones impuestas según el segundo párrafo del artículo anterior, si transcurrieren treinta días corridos desde la comunicación del arresto provisorio al Estado requirente sin que éste presente el formal pedido de extradición.

El Ministerio de Relaciones Exteriores, Comercio Internacional y Culto podrá disponer una prórroga de diez días corridos, a pedido del Estado requirente, cuando éste se hubiese visto imposibilitado de presentar en término el pedido de extradición en la forma debida.

Si el trámite administrativo del pedido formal de extradición se demorare el, juez, a pedido de la persona arrestada, fijará un plazo para que se termine. El arrestado será puesto de inmediato en libertad o cesarán las condiciones impuestas según el segundo párrafo del artículo anterior, si no se diera curso Judicial al pedido formal de extradición dentro de dicho plazo.

En estos casos el liberado podrá ser nuevamente detenido por razón del mismo delito siempre que se reciba un formal pedido de extradición.

**ARTICULO 51.-**Mientras dure el arresto provisorio, el arrestado podrá dar su consentimiento libre y expreso a ser trasladado al Estado requirente. El juez resolverá sin más trámite.

El traslado, entonces, sólo se autorizará si el Estado requirente diere seguridades de que en caso que el requerido fuese declarado exento de responsabilidad en el hecho que motiva el pedido, le sufragará los gastos del inmediato viaje de regreso.

A ese fin el, juez suspenderá el pronunciamiento y concederá un plazo, que no excederá de treinta días corridos, para que el Estado requirente dé tales seguridades.

El requerido podrá renunciar a esta indemnización: en tal caso el juez autorizará el traslado sin espera alguna.

**ARTICULO 52.-**Cuando el Juez resolviera autorizar el traslado, enviara copia de la resolución, y del expediente completo, al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto.

La resolución de autorizar el traslado tendrá todos los efectos de una sentencia que declara procedente la extradición.

CAPITULO 6

Reextradición y juzgamiento por otros hechos anteriores

ALBERTO ALEJANDRO BRE
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 138 CAPITAL FEDER
INSCRIP. C.T.P.C.B.A. N° 6287

**ARTICULO 53.-**Las autorizaciones referidas en el artículo 18 sólo se concederá si el delito que motiva el requerimiento habría dado lugar a una concesión de extradición.



La solicitud deberá cumplir las condiciones establecidas en los artículos 13 o 14, y se tramitará conforme el procedimiento previsto para la extradición, con las particularidades que se establecen seguidamente.

**ARTICULO 54.-**La reextradición puede ser solicitada por cualquiera de los Estados interesados en ella.

Antes de darle al pedido curso judicial, el Ministerio de Relaciones Exteriores Comercio Internacional y Culto deberá diligenciar una audiencia realizada ante una autoridad diplomática o consular argentina, en la que:

a) Se informe al extraditado acerca del contenido de la autorización solicitada y de las consecuencias que le aparejará la concesión;

b) Se documenten las defensas que el extraditado, con asistencia letrada, opone a la concesión de la autorización solicitada, o su libre y expreso consentimiento a la autorización:

c) Se le haga saber al extraditado que tiene derecho a designar un defensor de confianza para que lo represente en el juicio, y que en caso de que no lo haga se le designará un defensor oficial.

**ARTICULO 55.-**El trámite judicial se iniciará directamente en la instancia a que se refiere el artículo 30.

El extraditado será representado en el juicio por su defensor de confianza o por el defensor oficial. La decisión definitiva le será notificada por medio de una autoridad diplomática o consular argentina, quien le entregará copia de la resolución.

**ARTICULO 56. –** Si la autorización de reextradición hubiera tramitado por la vía prevista en el artículo 17, el Ministerio de Relaciones Exteriores, Comercio Internacional y Culto podrá revocarla, por las causas previstas en los artículos 3° y 10, mientras no se hubiese cumplido.

CAPITULO 7

Extradición en tránsito

**ARTICULO 57.-**Deberá requerirse una autorización de extradición en transito, cuando en cumplimiento de una extradición concedida por otro país, La persona extraditada deba transitar por el territorio argentino.

**ARTICULO 58.-**Si el medio de transporte empleado fuere el aéreo. La autorización será necesaria solamente cuando tuviere alguna escala prevista en el territorio argentino.

**ARTICULO 59.-**Con la solicitud se acompañará:

a) Copia del requerimiento de la extradición que motiva el tránsito;

b) Copia de la comunicación mediante la cual se notifica la concesión de la extradición que motiva el tránsito.

**ARTICULO 60.-**La autorización será concedida por el Ministerio de Relaciones Exteriores, Comercio Internacional y Culto.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

ALBERTO ALE.
TRADUCTO
IDIOMA
MAT. T° XVII F° 138
INSCRIP. C.T.P

Sólo será denegada por las causas previstas en los artículos 3° y 10.

**ARTICULO 61.-**La custodia de la persona en tránsito, dentro del territorio argentino, estará a cargo de autoridades nacionales. El Estado requirente deberá reembolsar los gastos que dicha custodia demande a la Argentina.

TITULO 2

Extradición activa

**ARTICULO 62.-**La Argentina requerirá la extradición de una persona cuando prima facie fuere procedente conforme la ley del país donde se encuentra el requerido.

Si el caso se rigiere por un traslado, se atenderá a las reglas previstas en éste.

**ARTICULO 63.-**Para solicitar la extradición de un imputado, el juez de la causa deberá librar una orden de detención que contenga la relación precisa de los hechos, la calificación legal que correspondiere y los motivos por los que se sospecha que la persona requerida habría tomado parte en el delito.

**ARTICULO 64. –** Cuando la extradición requerida fuese denegada por el país extranjero en virtud de una causa que hace procedente el juzgamiento del caso en aquel país, el Poder Ejecutivo resolverá si admite ese juzgamiento.

En caso afirmativo, si el país extranjero lo solicitare, le serán enviadas copias del expediente judicial que se hubiese tramitado y las pruebas colectadas.

**ARTICULO 65. –**Los jueces remitirán los requerimientos de extradición al Ministerio de Relaciones Exteriores, Comercio Internacional y Culto, el que antes de darles curso dictaminará sobre su procedencia y solicitará que se satisfagan los requisitos pertinentes.

**ARTICULO 66.-**El tiempo de privación de libertad que demande el trámite de extradición, será computado en la forma prescripta por el artículo 24 del Código Penal.

PARTE III

ALBERTO ALEJANDRO I
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 138 CAPITAL FEDER/
INSCRIP. C.T.P.C.B.A. N° 6287

ASISTENCIA EN LA INVESTIGACION Y JUZGAMIENTO DE DELITOS

**ARTICULO 67.-**La procedencia de requerimientos efectuados por una autoridad extranjera para que se la asista en la investigación y Juzgamiento de delitos, es regido por los artículos 3°, 5°, 8°, 9° y 10.

**ARTICULO 68.-**La asistencia será prestada aun cuando el hecho que la motiva no constituyese delito en la Argentina.

No obstante, se requerirá que dicho hecho constituya delito en la Argentina si la asistencia que se requiere consiste en una medida de secuestro de bienes, registro domiciliario, seguimiento de personas, interceptación de correspondencia o intervención de comunicaciones telefónicas.

**ARTICULO 69.-**La solicitud de asistencia será presentada por la vía diplomática, y deberá contener los siguientes datos:

a) Autoridad de la que proviene el pedido;

b) Una descripción clara del hecho delictivo que motiva el pedido, con referencias precisas acerca de la fecha, el lugar y circunstancias en que se cometió, y los datos personales del autor y la víctima;

c) La tipificación legal y la pena que corresponden al hecho:

d) El objeto de la solicitud y todas las circunstancias cuyo conocimiento sea útil para asegurar la eficacia de la asistencia:

e) Los datos personales de los funcionarios y representantes de las partes que hayan sido autorizados por el Estado requirente para participar en los procedimientos solicitados. Tal participación será aceptada en la medida en que no contraríe la legislación argentina.

**ARTICULO 70.-**El procedimiento administrativo en los casos de solicitudes de asistencia, será similar al establecido para los requerimientos de extradición, con las particularidades siguientes.

**ARTICULO 71.-**Cuando el Ministerio de Relaciones Exteriores, Comercio Internacional y Culto dictaminare dar curso al pedido, dará intervención al Ministerio de Justicia.

**ARTICULO 72.-**Si el cumplimiento del pedido pudiese entorpecer una investigación penal en tramite en la Argentina, se podrá disponer el aplazamiento o el conveniente condicionamiento de la ejecución, de lo que se informara al Estado requirente.

**ARTICULO 73.-**La legislación argentina regirá las condiciones y formas en que se llevaran a cabo las medidas requeridas.

Si el Estado requirente tuviere interés en una especial condición o forma de tramitación, lo deberá hacer expresamente. En tal caso se accederá a la petición. siempre que no se vulneren garantías constitucionales.

**ARTICULO 74.-**El Ministerio de Justicia dará intervención a la autoridad que corresponda según el tipo de asistencia solicitada.

Podrá disponer los aplazamientos y condiciones a que se refieren los artículos 72 y 73, y autorizará o no a las personas mencionadas en e1 artículo 69 párrafo e).

Si la asistencia requiriese la intervención de un juez, el Ministerio Público Fiscal representará el interés por la ayuda en el trámite judicial.

**ARTICULO 75.-**El pedido que tenga por objeto la citación de un imputado, testigo o perito, para que comparezca ante una autoridad del Estado requirente, deberá ser transmitido con una antelación de al menos cuarenta y cinco días de la fecha de la audiencia.

La citación se notificara sin que surtan efecto las normas conminatorias y sancionatorias previstas por la legislación argentina, a no ser que el citado hubiera percibido un adelanto pecuniario en concepto de gasto del viaje.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

En este ultimo caso, si el citado no cumpliere con la comparecencia, será sancionado en la Argentina tal como lo son los testigos que se abstienen de comparecer ante similar autoridad argentina.

**ARTICULO 76.-**Si el pedido consistiere en el traslado de una persona privada de su libertad en la Argentina para comparecer ante una autoridad del Estado requirente, sólo podrá autorizarse si el requerido prestare su libre y expreso consentimiento. con asistencia letrada.

El Estado requirente deberá mantener en custodia a la persona trasladada, y la devolverá inmediatamente después de haberse cumplido el acto que motivó la solicitud.

**ARTICULO 77. -** La persona que compareciere a la citación en el Estado requirente, no podrá ser encausada, perseguida ni molestada, sin previa autorización de la Argentina, por un delito cometido con anterioridad a la tramitación del pedido de asistencia, salvo que se dieren los casos previstos en los dos últimos párrafos del articulo 18.

La autorización se regirá por los artículos 53 a 55.

**ARTICULO 78.-**Si el pedido consistiese en que un imputado. testigo o perito preste declaración en la Argentina. La citación se efectuará bajo las cláusulas conminatorias y sancionatorias previstas en la legislación argentina.

**ARTICULO 79. -**Si el pedido tuviere por objeto la provisión de documentación o información oficial, se podrá cumplir en la misma medida en que tal documentación o información se brindaría a una similar autoridad argentina.

**ARTICULO 80.-**El envío de documentos originales u objetos, podrá condicionarse a la oportuna devolución.

**ARTICULO 81.-**Los gastos de depósito y envío de objetos. de traslado de personas y de honorarios de peritos, que sean consecuencia del cumplimiento del pedido, serán a cargo del Estado requirente.

PARTE IV

CUMPLIMIENTO DE CONDENAS

TITULO I

Cumplimiento de condenas dictadas en el extranjero

CAPITULO I

Condenas privativas de libertad

**ARTICULO 82.-**Las penas privativas de libertad impuestas por un tribunal de un país extranjero a nacionales argentinos podrán ser cumplidas en la Argentina en las condiciones que prescriben los artículos siguientes.

**ARTICULO 83.-**La petición de traslado podrá ser presentada por el condenado, por terceros a su nombre o por el Estado que impuso la condena.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287



**ARTICULO 84.-**El Ministerio de Justicia decidirá acerca de la petición de traslado.

Para ello tendrá en cuenta todas las circunstancias que permitan suponer que el traslado contribuirá a cumplir los fines de la pena, especialmente los vínculos que por relaciones familiares o residencia pudiera tener el condenado en la Argentina.

Si denegara la petición, podrá reservar la expresión del motivo de tal decisión.

Si el traslado fuese autorizado, el Ministerio de Justicia le dará intervención al juez de ejecución competente, a quien le remitirá todos los antecedentes del caso.

**ARTICULO 85. -**Para que sea viable una petición de traslado, deberán cumplirse las siguientes condiciones:

a) Que el condenado sea argentino al momento en que se presenta la solicitud;

b) Que la sentencia de condena en el país extranjero sea definitiva y este firme:

c) Que el condenado haya dado ante una autoridad diplomática o consular argentina, y con asistencia letrada, su libre y expreso consentimiento al traslado, después de ser informado de las consecuencias;

d) Que la duración de la pena pendiente de cumplimiento sea de por lo menos dos años al momento de presentarse el pedido:

e) Que el condenado haya reparado los danos ocasionados a la víctima en la medida que le haya sido posible.

No importará para la concesión del traslado que el hecho cometido no sea delito para la ley argentina.

**ARTICULO 86.-**Si la petición de traslado fuese presentada por el condenado, por sí o por terceros, el Ministerio de Justicia requerirá al Estado de la condena, por vía diplomática, los siguientes antecedentes:

a) Una copia de la sentencia:

b) Una descripción de las circunstancias del delito que motivo la condena, si es que no surgieran de la sentencia:

c) Una atestación acerca de que la sentencia es definitiva y está firme, del tiempo de pena que aún resta cumplir y de la fecha y hora exacta en que se cumplirá:

d) Una completa información acerca de si el condenado ha reparado los daños ocasionados a la víctima en la medida que le haya sido posible, y sobre el comportamiento que haya tenido el condenado en el establecimiento carcelario donde estuvo cumpliendo la pena:

e) Una declaración de que el Estado de la condena podría acceder al traslado en las condiciones establecidas por esta ley.

Al mismo tiempo instruirá un expediente con las pruebas aportadas por el solicitante del traslado que sean conducentes a los fines previstos por el segundo párrafo del artículo 84.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

ALBERTO ALEJANDR
TRADUCTOR PÚBI
IDIOMA INGLÉ
MAT. Tº XVII Fº 136 CAPIT
INSCRIP. C.T.P.C.B.A.

**ARTICULO 87.-**Si la petición de traslado fuese efectuada por el Estado de la condena, deberá presentarse por la vía diplomática.

La solicitud contendrá, además de la documentación referida en el artículo anterior, el consentimiento dado por el condenado en la forman prescripta por el artículo 85 inciso c).

**ARTICULO 88.-**El traslado se autorizará en las siguientes condiciones:

a) La pena se cumplirá conforme las leyes y reglamentos vigentes en la Argentina, incluidas las normas referentes a la libertad condicional;

b) Sólo el Estado de la condena podrá revisar la condena o conceder amnistía, indulto o conmutación de la pena;

c) La Argentina pondrá al trasladado inmediatamente en libertad si recibe una orden en tal sentido del Estado de la condena;

d) La persona trasladada gozará de la inmunidad prevista por el artículo 18;

e) La Argentina informará periódicamente al Estado de la condena acerca de la forma en que se desarrolla el cumplimiento de la pena.

**ARTICULO 89.-**El traslado se efectuara en el lugar y la fecha que se convengan. La Argentina se hará cargo de los gastos desde el momento en que la persona trasladada quede bajo su custodia.

ALBERTO ALEJANDRO BRI
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDER
INSCRIP. C.T.P.C.B.A. Nº 6287

CAPITULO 2

Condenas de ejecución condicional o de cumplimiento en libertad condicional

**ARTICULO 90.-**El condenado por un tribunal de un país extranjero a cumplir una pena en régimen de condena condicional o libertad condicional, podrá cumplirla en la República Argentina bajo la vigilancia de las autoridades argentinas.

**ARTICULO 91.-**La solicitud deberá ser presentada por vía diplomática. y contendrá:

a) Una copia de la sentencia definitiva y firme;

b) Una completa información acerca de si el condenado ha reparado los danos ocasionados a la víctima en la medida que le haya sido posible;

c) Información fehaciente sobre la fecha en que el condenado viajara a la Argentina, y sobre el otorgamiento de la visa que correspondiere;

d) Explicación acerca de las obligaciones asumidas por el condenado y del control que al respecto se requiere de las autoridades argentinas, con determinación de la fecha en que finalizará el control.

**ARTICULO 92.-**Si el condenado fuese argentino, podrá presentar la solicitud por sí o a través de terceros a su nombre.

En tal caso el tramite se regirá por el artículo 84 en todo lo que fuese pertinente.



**ARTICULO 93.-**El Ministerio de Justicia decidirá acerca de la solicitud.

No concederá la asistencia cuando las obligaciones asumidas por el condenado o las medidas de control requeridas contraríen la legislación argentina.

Si concediera la asistencia, le dará intervención al juez competente para que éste ordene, provea y fiscalice la ejecución de las medidas de control.

**ARTICULO 94. -**La Argentina informará periódicamente al Estado de la condena acerca de la forma en que se lleva a cabo el control.

Asimismo comunicará de inmediato el incumplimiento por parte del condenado de las obligaciones asumidas, para que el Estado de la condena adopte las medidas que correspondan al caso.

CAPITULO 3

**ARTICULO 95.-**Las condenas de multa o decomiso de bienes dictadas en un país extranjero, serán ejecutables en la República Argentina, a solicitud de un tribunal de aquel país, cuando:

a) La infracción fuese de competencia del Estado requirente, según su propia legislación;

b) La condena sea definitiva y esté firme:

c) El hecho que la motiva constituya infracción punible para la ley argentina, aun cuando no tuviera previstas las mismas penas:

d) No se dieren las circunstancias del artículo 8° párrafos a) y d):

e) La pena no se haya extinguido según la ley del Estado requirente:

f) El condenado no hubiese sido juzgado en la Argentina o en cualquier otro país por el hecho que motiva el pedido:

g) El condenado hubiese sido personalmente citado y se haya garantizado su defensa:

h) No existieren las razones especificadas en el artículo 10.

La ayuda no podrá consistir en la aplicación de una pena de prisión por conversión de la multa.

**ARTICULO 96.-**El Ministerio de Relaciones Exteriores, Comercio Internacional y Culto podrá convenir con el Estado requirente, sobre la base de reciprocidad, que parte del dinero o de los bienes obtenidos como consecuencia del trámite de ejecución, queden en poder de la República Argentina.

**ARTICULO 97.-**La solicitud deberá ser presentada por vía diplomática.

El procedimiento administrativo será similar al establecido para los pedidos de asistencia de la investigación y Juzgamiento de delitos.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

ALBERTO ALE:
TRADUCTO
IDIOMA·
MAT. TR XVII Pº 138
RCRIP. C.T.P.

El ministerio público fiscal representará en el tramite judicial el interés por la ejecución.

**ARTICULO 98.-**El procedimiento judicial se regirá por las normas de los incidentes previstas en el Código Procesal Civil y Comercial de la Nación.

Durante su tramitación podrán adoptarse medidas cautelares.

Si el Juez dispusiere la ejecución. se procederá según las normas con que ese Código regula la ejecución de sentencias argentinas.

**ARTICULO 99.-**La multa se ejecutara por el monto y las condiciones establecidas en la condena. El monto se convertirá a la moneda argentina según la ley y prácticas del país.

**ARTICULO 100.-**Los gastos extraordinarios que demande la ejecución serán a cargo del Estado requirente.

**ARTICULO 101.-**El dinero o los bienes obtenidos serán depositados a la orden del Ministerio de Relaciones Exteriores. Comercio Internacional y Culto, el que los transferirá o entregara a las autoridades del Estado requirente debidamente acreditadas.

CAPITULO 4

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. TR XVII Pº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

Condenas de inhabilitación

**ARTICULO 102.-**Las condenas de inhabilitación dictadas en un país extranjero serán ejecutables en la República Argentina, a solicitud de un tribunal de aquel país, bajo las condiciones establecidas en el artículo 95.

**ARTICULO 103.-**La solicitud deberá ser presentada por vía diplomática.

El procedimiento administrativo será similar al establecido para los pedidos de ejecución de condenas de multa o de decomiso de bienes.

El ministerio público fiscal representará en el trámite judicial el interés por la ejecución.

**ARTICULO 104.-**El procedimiento judicial se regirá por las normas de los incidentes previstas en el Código Procesal Civil y Comercial de la Nación.

Si las condiciones estuvieren cumplidas, el juez ordenará las medidas necesarias para hacer efectiva la inhabilitación en el territorio nacional.

TITULO II

Cumplimiento en el extranjero de condenas dictadas en la argentina

CAPITULO I

Condenas privativas de libertad

ANDRO BREA
R PÚBLICO
INGLÉS
CAPITAL FEDERAL
C.B.A. Nº 6287

FOLIO Nº 14

**ARTICULO 105.-**Las penas privativas de libertad impuestas por un tribunal argentino a una persona que tenga nacionalidad extranjera, podrán ser cumplidas en el país de esa nacionalidad.

La solicitud podrá ser presentada por el condenado, por terceros a su nombre o por el Estado de esa nacionalidad.

**ARTICULO 106.-**El trámite y las condiciones serán, analógicamente, los prescriptos por los artículos 83 a 89.

El Ministerio de Justicia no podrá decidir el traslado del condenado, sin que:

a) El condenado haya dado ante el juez de ejecución, y con asistencia letrada. su libre y expreso consentimiento al traslado, después de ser informado de sus consecuencias: y

b) El juez de ejecución haya dado por cumplida la condición prevista en el artículo 85 inciso e), previa audiencia con citación de la víctima.

CAPITULO 2

Condenas de cumplimiento en libertad condicional

**ARTICULO 107.-**El condenado por un tribunal argentino a cumplir una pena en régimen de libertad condicional, podrá cumplirla en un país extranjero bajo la vigilancia de sus autoridades.

Las condiciones serán, analógicamente, las prescriptas por los artículos 91 a 94.

**ARTICULO 108.-**La solicitud deberá ser presentada ante el juez de ejecución.

La decisión de requerir la asistencia del país extranjero, será regido por las reglas de los artículos 62 y 65.

CAPITULO 3

Condenas de multa, de decomiso de bienes, y de inhabilitación

**ARTICULO 109.-**La autoridad argentina que haya aplicado una condena de multa, de decomiso de bienes o de inhabilitación, podrá requerir que se ejecute la condena en un país extranjero.

Las condiciones serán, analógicamente, las prescriptas por los artículos 95 a 101.

**ARTICULO 110.-**La decisión de requerir la asistencia del país extranjero será regido por las reglas de los artículos 62 y 65.

El Ministerio de Relaciones Exteriores, Comercio Internacional y Culto podrá convenir con el país extranjero, sobre la base de la reciprocidad. que parte del dinero o de los bienes obtenidos como consecuencia del trámite de ejecución de la pena de multa o de decomiso de bienes, queden en poder de aquel país.

PARTE V

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

ALBERTO ALEJA
TRADUCTOR 1
IDIOMA IN
·T. Tª XVII Fª 138 C
SCRIP. C.T.P.C

COMPETENCIA

**ARTICULO 111.-**Será competente para conocer en un caso de extradición el juez federal con competencia penal que tenga jurisdicción territorial en el lugar de residencia de la persona requerida y que se encontrare en turno al momento de darse intervención judicial.

Si se desconociere el lugar de residencia o fueren varios y ubicados en distintas jurisdicciones, el Ministerio de Relaciones Exteriores, Comercio Internacional y Culto podrá optar entre cualquiera de los jueces federales que correspondan a tales lugares o un juez federal de la Capital Federal, siempre que esté en turno al momento de darse intervención judicial.

**ARTICULO 112.-**Las mismas reglas previstas en el artículo anterior regirán para los casos de pedidos formales de arresto provisorio.

El juez que hubiese intervenido en el trámite de arresto provisorio, conocerá en la solicitud de extracción.

**ARTICULO. 113.-**En caso de arresto provisorio efectuado sin previa intervención judicial, será competente el juez federal con competencia penal que tenga jurisdicción territorial en el lugar donde se efectuare y que estuviera en turno al momento del arresto.

El mismo juez será el competente para conocer en la solicitud de extradición.

**ARTICULO 114.-**Si una misma persona fuese sujeto de varios requerimientos de extradición, todos ellos tramitaran ante el juez que primeramente hubiese tomado intervención.

ALBERTO ALEJANDRO BI
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tª XVII Fª 138 CAPITAL FEDI
INSCRIP. C.T.P.C.B.A. Nº 628

**ARTICULO 115.-**En el caso previsto en el artículo 37 segundo párrafo, será competente el juez que intervino en la primera solicitud.

**ARTICULO 116.-**Cuando se denegare una extradición por razón de la nacionalidad, será competente para entender en el proceso que deba seguirse al nacional el juez que intervino en la extradición.

**ARTICULO 117. -**Los pedidos de reextradición o de autorización para juzgar a un extraditado por hechos anteriores a una concesión de extradición, serán de competencia del juez que intervino en el trámite de la extradición que motiva la solicitud.

**ARTICULO 118.-**En los casos de los artículos 82 y 90. el Ministerio de Justicia dará intervención al juez nacional de ejecución penal que, en opinión del Ministerio, sea el adecuado para beneficiar el cumplimiento de los objetivos del artículo 82 o para asegurar eficacia simplicidad en las actividades de control, siempre que esté de turno al momento en que se dé intervención judicial.

**ARTICULO 119.-**Los casos de los artículos 95 y 102, serán de competencia del Juez en lo criminal y correccional federal de la Capital Federal, cuando el condenado no tuviere domicilio en territorio argentino. Si el condenado se domiciliare en el país, conocerá la Justicia de igual competencia con jurisdicción en el lugar del domicilio.

PARTE VI



DISPOSICIONES TRANSITORIAS Y DE FORMA

**ARTICULO 120.-**Las disposiciones procesales de la presente ley se aplicarán a los trámites de extradición pendientes, siempre que la causa no se hubiese abierto a prueba.

Si el trámite continuase regido por las normas del Código de Procedimientos en Materia Penal (ley 2372), será de aplicación el artículo 31 de la presente ley. Una vez recaída sentencia definitiva serán también aplicables los artículos 35 a 39.

**ARTICULO 121.-**Los actos procesales cumplidos con anterioridad a la vigencia de esta ley de acuerdo con las normas del procedimiento que se deroga, conservaran su validez.

**ARTICULO 122.-**Las disposiciones de los artículos 23, 39 inciso a) segundo párrafo y 64, serán aplicables cuando la causa que corresponda a la, jurisdicción argentina fuese de competencia nacional.

También se harán de aplicación a las causas de competencia provincial, en la medida en que cada provincia convenga en ello.

**ARTICULO 123.-**Derógase la ley 1612 y el libro cuarto, sección segunda, titulo V, artículos 646 a 674, del Código de Procedimientos en Materia Penal (ley 2372).

**ARTICULO 124.-**La presente ley entrara en vigencia a los treinta días de su publicación.

**ARTICULO 125. -**Comuníquese al Poder ejecutivo.

DADA EN LA SALA DE SESIONES DEL CONGRESO ARGENTINO, EN BUENOS AIRES, A LOS DIECIOCHO DÍAS DEL MES DE DICIEMBRE DEL AÑO MIL NOVECIENTOS NOVENTA Y SEIS.

-REGISTRADA BAJO EL N° 24.767-

ALBERTO R. PIERRI.-CARLOS F. RUCKAUF.-Esther H. Pereyra Arandia de Pérez Pardo.-Edgardo Piuzzi.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 6287

CDI

Esta norma fue consultada a través de InfoLEG, base de datos del Centro de Documentación e Información, Ministerio de Economía y Finanzas Públicas.

**TRATADOS**

**Ley Nº 24.034**

**Apruébase el Tratado de Asistencia Jurídica Mutua en Asuntos Penales con el gobierno de Estados Unidos de América.**

Sancionada: Noviembre 27 de 1991.

Promulgada: Diciembre 20 de 1991.

El Senado y Cámara de Diputados de la Nación Argentina reunidos en Congreso, etc. sancionan con fuerza de Ley :

**ARTICULO 1º** –– Apruébase el TRATADO DE ASISTENCIA JURIDICA MUTUA EN ASUNTOS PENALES ENTRE EL GOBIERNO DE LA REPUBLICA ARGENTINA Y EL GOBIERNO DE LOS ESTADOS UNIDOS DE AMERICA, que consta de diecinueve (19) artículos y tres (3) anexos, suscrito en Buenos Aires el 4 de diciembre de 1990, cuya fotocopia autenticada en idioma español forma parte de la presente ley.

**ARTICULO 2º** –– Comuníquese al Poder Ejecutivo Nacional. –– ALBERTO R. PIERRI. –– EDUARDO MENEM. –– Esther H. Pereyra Arandía de Pérez Pardo. –– Hugo R Flombaum.

DADA EN LA SALA DE SESIONES DEL CONGRESO ARGENTINO, EN BUENOS AIRES A LOS VEINTISIETE DIAS DEL MES DE NOVIEMBRE DEL AÑO MIL NOVECIENTOS NOVENTA Y UNO.

TRATADO

DE

ASISTENCIA JURIDICA MUTUA EN ASUNTOS PENALES

ENTRE

EL GOBIERNO DE LA REPUBLICA

ARGENTINA

Y

EL GOBIERNO DE LOS ESTADOS UNIDOS DE AMERICA

El Gobierno de la República Argentina y el gobierno de los Estados Unidos de América,

Deseosos de mejorar la eficacia de las autoridades de ambos países en la prevención, investigación, y el enjuiciamiento de delitos mediante la cooperación y la asistencia jurídica mutua en asuntos penales,

Han acordado lo siguiente:

Artículo 1

Alcance de la asistencia

1. Las Partes Contratantes conforme a lo dispuesto en el presente tratado, se prestarán asistencia mutua, en materia de prevención, investigación y enjuiciamiento de delitos, y en los procedimientos relacionados con cuestiones penales.

2. La asistencia comprenderá:

a) la recepción de testimonios o declaraciones;

b) la facilitación de documentos, expedientes y elementos de prueba;

c) notificación y entrega de documentos;

d) la localización o identificación de personas;

e) el traslado de personas detenidas a los efectos de prestar testimonio u otros motivos;

f) la ejecución de solicitudes de registro, embargo y secuestro;

g) la inmovilización de activos;

h) la asistencia relativa a incautaciones, indemnizaciones y ejecuciones de multas, y

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

i) cualquier otra forma de asistencia que no esté prohibida por las leyes del Estado requerido.

3. La asistencia se prestará independientemente de que el motivo de la investigación, del enjuiciamiento o el procedimiento en el Estado requirente sea o no un delito con arreglo a las leyes del Estado requerido.

4. La finalidad del presente tratado es únicamente la asistencia jurídica mutua entre las Partes. Las disposiciones del presente tratado no generarán derecho alguno a favor de los particulares en cuanto a la obtención, eliminación o exclusión de pruebas, o la obstaculización en el cumplimiento de una solicitud.

Artículo 2

Autoridades centrales

1. Cada una de las partes contratantes designará una autoridad central a la que corresponderá presentar y recibir las solicitudes a que se refiere el presente tratado.

2. Por lo que se refiere a la República Argentina, la autoridad central será el subsecretario de justicia o las personas designadas por él. Por lo que se refiere a los Estados Unidos de América, la autoridad central será el attorney general o las personas designadas por él.

3. Las autoridades centrales se comunicarán directamente entre sí a los efectos del presente tratado.

Artículo 3

Límites de la asistencia

1. La autoridad central del Estado requerido podrá denegar la asistencia si:

a) la solicitud se refiere a un delito político o a un delito previsto en el código militar pero no en el derecho penal ordinario, o

b) el cumplimiento de la solicitud puede perjudicar la seguridad u otros intereses esenciales similares del Estado requerido.

2. Antes de denegar la asistencia conforme al presente artículo, la autoridad central del Estado requerido consultará con la autoridad central del Estado requirente sobre la posibilidad de conceder la asistencia con sujeción a las condiciones que la primera estime necesarias. Si el Estado requirente acepta la asistencia con sujeción a tales condiciones, habrá de ajustarse a éstas.

3. Si la autoridad central del Estado requerido deniega la asistencia, dará a conocer a la autoridad central del Estado requirente las razones de la denegación.

Artículo 4

Forma y contenido de la solicitud

1. La solicitud de asistencia deberá formularse por escrito, pero la autoridad central del Estado requerido podrá aceptarla en otra forma en casos de urgencia. En tales casos, la solicitud habrá de confirmarse por escrito en el plazo de diez días, a menos que la autoridad central del Estado requerido lo disponga de otro modo. Salvo acuerdo en contrario, la solicitud se formulará en el idioma del Estado requerido.

2. La solicitud habrá de incluir lo siguiente:

a) el nombre de la autoridad encargada de la investigación, del enjuiciamiento o de los procedimientos a que la solicitud se refiera;

b) la descripción del asunto y la índole de la investigación, del enjuiciamiento o de los procedimientos, con mención de los delitos concretos a que el asunto se refiera;

c) la descripción de las pruebas, de la información o de otro tipo de asistencia que se solicite, y

d) la declaración de la finalidad para la que se solicitan las pruebas, la información u otro tipo de asistencia.

3. En la medida necesaria y posible, la solicitud también incluirá:

a) la información sobre la identidad y el paradero de toda persona de quien se procura obtener pruebas;

b) la información sobre la identidad y el paradero de la persona a quien ha de entregarse un documento, sobre su relación con los procedimientos que se están efectuando y sobre como se hará la entrega;

c) la información sobre la identidad y el paradero de la persona que ha de localizarse;

d) la descripción exacta del lugar o la identificación de la persona que ha de someterse a registro y de los bienes que han de ser embargados o secuestrados;

e) la descripción de la forma en que han de tomarse y hacerse constar los testimonios o declaraciones;

f) la lista de las preguntas que han de formularse;

g) la descripción de cualquier procedimiento especial que ha de seguirse en el cumplimiento de la solicitud;

NDRO BREA
PÚBLICO
GLÉS
APITAL FEDERAL
.B.A. Nº 6287
FOLIO 17

h) la información sobre las indemnizaciones y los gastos a que tendrá derecho la persona cuya presencia se solicite en el Estado requirente, y

i) cualquier otra información que pueda ser de utilidad al Estado requerido para el mejor cumplimiento de la solicitud.

Articulo 5

Cumplimiento de las solicitudes

1. La autoridad central del Estado requerido cumplirá sin dilación con la solicitud o, cuando proceda, la trasmitirá a la autoridad competente. Las autoridades competentes del Estado requerido no ahorrarán esfuerzos para cumplir con la solicitud. Los tribunales del Estado requerido estarán facultados para expedir citaciones, órdenes de registro y cualquier otra orden necesaria para cumplir con la solicitud.

2. En caso necesario, las personas designadas por la autoridad central del Estado requerido presentarán e impulsarán la solicitud ante la autoridad competente. Dichas personas tendrán legitimación procesal para intervenir en cualquier procedimiento relacionado con la solicitud.

3. La solicitud se cumplirá con sujeción a las leyes del Estado requerido, salvo cuando el presente Tratado lo establezca de otro modo. Sin embargo, se seguirá el procedimiento especificado en la solicitud siempre y cuando no lo prohiban las leyes del Estado requerido.

4. La autoridad central del Estado requerido, si determina que la ejecución de una solicitud habrá de obstaculizar alguna investigación o procedimiento penal que se está realizando en dicho Estado, podrá aplazar el cumplimiento o condicionarlo en la forma que considere necesaria, previa consulta con la autoridad central del Estado requirente. Si éste acepta la asistencia condicionada, se tendrá que someter a las condiciones establecidas.

5. El Estado requerido hará todo lo posible para mantener el carácter confidencial de la solicitud y de su contenido si así lo pide la autoridad central del Estado requirente. Si la solicitud no puede cumplirse sin violar ese carácter confidencial, la autoridad central del Estado requerido, informará de ello a la autoridad central del Estado requirente, que entonces decidirá si la solicitud ha de cumplirse en todo caso.

6. Autoridad central del Estado requerido responderá a las preguntas razonables que le formule la autoridad central del Estado requirente relativas a la marcha de las gestiones encaminadas al cumplimiento de la solicitud.

7. La autoridad central del Estado requerido informará sin dilación a la autoridad central del Estado requirente sobre los resultados del cumplimiento de la solicitud. Si ésta no es cumplida, la autoridad central del Estado requerido dará a conocer a la autoridad central del Estado requirente las razones de la falta de cumplimiento.

Articulo 6

Gastos

El Estado requerido pagará todos los gastos relativos al cumplimiento de la solicitud, salvo los honorarios de los peritos, los gastos de traducción y transcripción, así como las indemnizaciones y los gastos de viaje de las personas a quienes se hace referencia en los artículos 10 y 11, que correrán a cargo del Estado requirente.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287

Articulo 7

Límites de utilización

1. El Estado requirente no utilizará la información ni las pruebas obtenidas en virtud el presente tratado en ninguna investigación, enjuiciamiento o procedimiento que no sean los descritos en la solicitud, sin previo consentimiento del Estado requerido.

2. La autoridad central del Estado requerido podrá solicitar que la información o las pruebas facilitadas en virtud del presente tratado tengan carácter confidencial, según las condiciones que dicha autoridad central especifique. En tal caso, el Estado requirente hará todo lo posible para cumplir con las condiciones especificadas.

3. La información o las pruebas se podrán utilizar para cualquier fin cuando ya se hayan dado a conocer públicamente como resultado de la investigación, enjuiciamiento o procedimiento en el Estado requirente conforme al párrafo 1 ó 2.

Articulo 8

Toma de testimonios y presentación de pruebas en el Estado requerido

1. Toda persona que se encuentre en el Estado requerido y de quien se solicite la presentación de pruebas en virtud del presente tratado, será obligada, en caso necesario a comparecer y atestiguar o presentar documentos, antecedentes o elementos de prueba.

2. Previa solicitud, la autoridad central del Estado requerido informará con antelación, la fecha y el lugar en que tendrá la prestación del testimonio o la presentación de las pruebas que se mencionan en el presente artículo.

3. El Estado requerido autorizará la presencia de las personas especificadas en la solicitud durante el cumplimiento de la misma, y les permitirá proponer preguntas según lo autoricen las leyes del Estado requerido.

4. El hecho de que la persona a la que se hace referencia en el párrafo 1 alegue inmunidad, incapacidad o privilegio conforme a las leyes del Estado requirente, no impedirá que se reciban las pruebas o el testimonio,

pero se informará de dicha alegación a la autoridad central del Estado requirente para que las autoridades de éste lleguen a una decisión.

5. Los documentos, antecedentes y elementos de prueba presentados en el Estado requerido o a los cuales se refieren los testimonios recibidos con arreglo a lo establecido en el presente artículo, se podrán autenticar mediante certificación. En el caso de archivos comerciales y civiles, la autenticación se hará en la forma indicada en el formulario A anexo al presente tratado. Los documentos autenticados mediante el formulario A serán admisibles en el Estado requirente como prueba de veracidad de los hechos que en ellos se expongan.

Artículo 9

Archivos oficiales

1. Previa solicitud, el Estado requerido facilitará al Estado requirente copias de los documentos, antecedentes o informaciones de carácter público que obren en los organismos y dependencias gubernamentales del Estado requerido.

2. El Estado requerido podrá facilitar copias de cualquier documento, antecedentes o informaciones que obren en un organismo o dependencia gubernamental de dicho Estado pero que no sean de carácter público, en igual medida y con sujeción a las mismas condiciones en que se facilitarían a sus propias autoridades judiciales o policiales. El Estado requerido, a discreción suya, podrá denegar total o parcialmente una solicitud formulada al amparo del presente párrafo.

3. Los documentos oficiales presentados conforme al presente artículo podrán ser autenticados conforme a lo dispuesto en el convenio sobre supresión de la legalización de documentos públicos extranjeros, del 5 de octubre de 1961, o si este convenio no es aplicable, por el funcionario encargado de su custodia, mediante el empleo del formulario B anexo al presente tratado. No será necesaria ninguna otra autenticación. Los documentos autenticados conforme a lo establecido en el presente párrafo serán admisibles como pruebas en el Estado requirente.

Artículo 10

Testimonio en el Estado requirente

Cuando el Estado requirente solicite que en su territorio comparezca una persona, el Estado requerido pedirá a la persona en cuestión que comparezca ante la autoridad competente del Estado requirente, quien indicará qué gastos habrán de pagarse. La autoridad central del Estado requerido transmitirá sin dilación a la autoridad central del Estado requirente la respuesta de la persona en cuestión.

Artículo 11

ALBERTO ALEJANDRO BRI
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDER
INSCRIP. C.T.P.C.B.A. Nº 6287

Traslado de personas detenidas

1. Cualquier persona detenida en el Estado requerido y cuya presencia en el Estado requirente sea necesaria con fines de asistencia con arreglo al presente tratado, será trasladada del Estado requerido al Estado requirente, siempre que tanto la persona en cuestión como la autoridad central del Estado requerido consientan en el traslado.

2. Cualquier persona detenida en el Estado requirente y cuya presencia en el Estado requerido sean necesaria con fines de asistencia conforme al presente tratado, podrá ser trasladada al Estado requerido, siempre que lo consienta la persona en cuestión y estén de acuerdo las autoridades centrales de ambos Estados.

3. A los efectos del presente artículo:

a) el Estado receptor tendrá la facultad y la obligación de mantener bajo custodia a la persona trasladada, a menos que el Estado remitente autorice lo contrario;

b) el Estado receptor devolverá a la persona trasladada a la custodia del Estado remitente tan pronto como las circunstancias lo permitan o con sujeción a lo acordado entre las autoridades centrales de ambos estados;

c) el Estado receptor no exigirá al Estado remitente la iniciación de un procedimiento de extradición para la devolución de la persona trasladada, y

d) el tiempo transcurrido bajo la custodia del Estado receptor será computado a la persona trasladada, a los efectos del cumplimiento de la sentencia que se le impusiere o hubiere sido impuesta en el Estado remitente.

Artículo 12

Localización o identificación de personas

El Estado requerido hará todo lo posible para averiguar el paradero o la identidad de las personas especificadas en la solicitud.

Artículo 13

Notificación y entrega de documentos

1. El Estado requerido hará todo lo posible para diligenciar cualquier notificación y entrega de documentos relacionados con la solicitud de asistencia, o que forme parte de ella, formulada por el Estado requirente al amparo de lo establecido en el presente tratado.

2. El Estado requirente transmitirá toda solicitud de diligencia de notificación y entrega de documentos que exija la comparecencia de una persona ante una autoridad en el Estado requirente con suficiente antelación respecto de la fecha fijada para dicha comparecencia.

3. El Estado requerido devolverá la comprobación de la diligencia en la forma especificada en la solicitud.

Artículo 14

Registro, embargo y secuestro

1. El Estado requerido cumplirá con toda solicitud de registro, embargo, secuestro y entrega al Estado requirente de cualquier documento, antecedente o efecto, siempre que la solicitud lleve la información que justifique dicha acción según las leyes del Estado requerido.

2. Previa solicitud, cualquier funcionario encargado de la custodia de un efecto embargado o secuestrado certificará, mediante el formulario C anexo al presente tratado, la continuidad de la custodia, la identidad del efecto y su integridad. No se exigirá ninguna otra certificación. El certificado será admisible en el Estado requirente como prueba de la veracidad de las circunstancias que en él se expongan.

3. La autoridad central del Estado requerido podrá exigir que el Estado requirente se someta a las condiciones que se estimen necesarias para proteger los intereses de terceras partes en el documento, antecedente o efecto que haya de trasladarse.

Artículo 15

Devolución de documentos, antecedentes y elementos de prueba

La autoridad central del Estado requirente devolverá lo antes posible todos los documentos, antecedentes y elementos de prueba que se le hubiesen entregado en cumplimiento de una solicitud conforme al presente tratado, a menos que la autoridad central del Estado requerido renuncie a la devolución.

Artículo 16

Asistencia en procedimientos de incautación

1. Si la autoridad central de una de las Partes llega a enterarse de la existencia de frutos o instrumentos de delitos en el territorio de la otra parte que puedan incautarse o, de otro modo, embargarse según las leyes de ese Estado, podrá informarlo a la autoridad central de la otra parte. Si la otra parte tiene jurisdicción al respecto podrá presentar esa información a sus autoridades, para que decidan si debe adoptarse alguna medida. Dichas autoridades decidirán conforme a las leyes de su país y, por medio de su autoridad central, informarán a la otra Parte del resultado de tal decisión.

2. Las partes contratantes se asistirán mutuamente, en la medida que lo permitan sus leyes respectivas, en los procedimientos relativos a la incautación de los frutos e instrumentos de delitos y a las indemnizaciones a las víctimas de delitos, así como en la ejecución de las multas dispuestas por orden judicial.

3. La parte requerida que tenta en su poder los bienes incautados los enajenará de conformidad con sus propias leyes, En la medida que lo permitan sus leyes, y según los términos que se consideren razonables, cualquiera de las dos Partes podrá transferir bienes, o el producto de su enajenación, a la otra Parte.

Artículo 17

Compatibilidad con otros tratados, acuerdos o arreglos

La asistencia y los procedimientos establecidos en el presente tratado no impedirán que cualquiera de las partes contratantes asista a la otra parte bajo las disposiciones de otros acuerdos internacionales en los que sea parte o de las disposiciones de sus leyes nacionales. Las partes también podrán prestar asistencia conforme a cualquier acuerdo o convenio bilateral, o bilateral aplicables.

Artículo 18

Consultas

Las autoridades centrales de las partes contratantes celebrarán consultas, en fechas acordadas mutuamente, para que el presente tratado resulte lo más eficaz posible.

Artículo 19

Ratificación, entrada en vigor y denuncia

1. El presente tratado está sujeto a ratificación y los instrumentos de ratificación se canjearán en la ciudad de Washington D. C. a la brevedad posible.

2. El presente tratado entrará en vigor en la fecha de canje de los instrumentos de ratificación.

3. Cualquiera de las partes podrá denunciar el presente tratado mediante notificación escrita a la otra Parte. La denuncia surtirá efecto seis meses después de la fecha de notificación.

HECHO en Buenos Aires, el 4 de diciembre de 1990, en dos originales en los idiomas español e inglés, siendo ambos textos igualmente auténticos.

POR EL GOBIERNO DE LA REPUBLICA ARGENTINA

.................................

POR EL GOBIERNO DE LOS ESTADOS UNIDOS DE AMERICA

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 689

.....

..............................

Formulario A

CERTIFICACION DE AUTENTICIDAD

DE

DOCUMENTOS COMERCIALES Y CIVILES

Yo (nombre), declaro, so pena de incurrir en falso testimonio, que presto servicios en (nombre de la empresa a la que se solicitan documentos), donde ocupo expresamente el cargo de (Nombre del cargo).

Igualmente declaro que cada uno de los documentos de archivo que se acompañan a la presente es el documento original o duplicado del original que está bajo la custodia de (nombre de la empresa a la que se solicitan documentos).

Igualmente declaro que:

A) Los documentos fueron redactados en la fecha en que ocurrieron los hechos expuestos, o alrededor de esa fecha, por un experto en la materia, o tomando como base información transmitida por dicho experto;

B) Los documentos se han llevado a lo largo de una actividad comercial o civil regular;

C) La redacción de tales documentos constituye práctica habitual de la actividad comercial o civil, y

D) En el caso de que los documentos no sean originales, serán duplicados de los originales.

Firma                                    Fecha

Prestó juramento o afirmó ante mi (nombre), (cargo, v. gr.: juez, magistrado, comisionado de la Corte), el (día) de (mes) de (año).

Formulario B

CERTIFICACION DE AUTENTICIDAD DE DOCUMENTOS PUBLICOS EXTRANJEROS

Yo, (nombre); certifico, sujeto a la sanción penal por declaración o certificación falsa, que en el gobierno de (nombre del país) ocupo el cargo oficial de (nombre del cargo) y que en virtud del mismo estoy autorizado por la ley de (nombre del país) a certificar que los documentos aquí adjuntos y descritos son copias fieles y exactas de los documentos oficiales originales registrados o archivados en (nombre de la oficina o del organismo pertinente), que es una oficina u organismo público del gobierno de (nombre del país).

Descripción de los documentos:

Firma

Cargo

Fecha

Formulario C

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. T° XVII F° 138 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. N° 8287

CERTIFICACION RESPECTO A ARTICULOS EMBARGADOS O SECUESTRADOS

Yo, (nombre), certifico, sujeto a sanción penal por declaración o certificación falsa, que en el gobierno de (nombre del país) ocupo el cargo de (nombre del cargo). El (fecha), en (lugar), recibí de (nombre de la persona) la custodia de los artículos mencionados en este formulario. Entregué la custodia de los mismos a (nombre de la persona), el (fecha), en (lugar), en las mismas condiciones en que me los entregaron (o en las condiciones indicadas a continuación).

Descripción de los artículos:

Cambio de condición mientras estuvieron bajo mi custodia:

Sello oficial

Firma

Cargo

Lugar

Fecha

**ARTICULO 172 del Código Penal de la Nación**

Será reprimido con prisión de un mes a seis años, el que defraudare a otro con nombre supuesto, calidad simulada, falsos títulos, influencia mentida, abuso de confianza o aparentando bienes, crédito, comisión, empresa o negociación o valiéndose de cualquier otro ardid o engaño.

**ARTICULO 196 del Código Procesal Penal de la Nación.-  (según ley N° 24.121 )**

El juez de instrucción podrá decidir que la dirección de la investigación de los delitos de acción pública de competencia criminal quede a cargo del agente fiscal, quien deberá ajustar su proceder a las reglas establecidas en la Sección Segunda del presente Título.

En aquellos casos en los cuales la denuncia de la comisión de un delito de acción pública sea receptada directamente por el agente fiscal, o promovida por él la acción penal del oficio, éste deberá poner inmediatamente en conocimiento de ella al juez de instrucción, practicará las medidas de investigación ineludibles, cuando corresponda, solicitará al juez de instrucción que recepte la declaración del imputado, conforme las reglas establecidas en la Sección Segunda de este Título, luego de lo cual el juez de instrucción decidirá inmediatamente si toma a su cargo la investigación, o si continuará en ella el agente fiscal.

Los jueces en lo correccional, en lo penal económico, de menores, en lo criminal y correccional federal de la Capital Federal y federales con asiento en las provincias, tendrán las misma facultad que el párrafo primero del presente artículo otorga a los jueces nacionales en lo criminal de instrucción.

ALBERTO ALEJANDRO BREA
TRADUCTOR PÚBLICO
IDIOMA INGLÉS
MAT. Tº XVII Fº 136 CAPITAL FEDERAL
INSCRIP. C.T.P.C.B.A. Nº 6287